IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JOYCE A. POPWELL

   Plaintiff,

vs.            CASE NO. 2:06-CV-00851-MHT

CENTRAL HOSPITALITY, et al

   Defendants.

## ANSWER OF KISHOR DESAI

COMES NOW, Kishor Desai, by and through the undersigned counsel and for answer to the complaint heretofore filed by Plaintiff, states as follows:

1. Admitted.

2. This Defendant admits the address indicated for him in Paragraph 2 of Plaintiff's complaint. To the extent that a response is required as to the addresses of the remaining Defendants this Defendant is without sufficient information or knowledge so as to form a belief as to the same. To the extent that a response is required, it is denied and this Defendant demands strict proof thereof.

3. Denied.

4. This Defendant is without sufficient information or knowledge so as to form a belief as to the allegations contained in Paragraph 4 of the Plaintiff's complaint. To the extent that a response is required it is denied and this Defendant demands strict proof thereof.

5. This Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's complaint and demands strict proof thereof.

6. This Defendant denies that the Plaintiff is entitled to the relief as requested in Paragraph 6 of the Plaintiff's complaint.

In addition to the above and foregoing, this Defendant would state as follows:

## FIRST DEFENSE

1. The complaint fails to state a cause of action against this Defendant upon which relief may be granted to the Plaintiff.

## SECOND DEFENSE

2. This Defendant pleads not guilty.

## THIRD DEFENSE

3. This Defendant pleads assumption of risk.

## FOURTH DEFENSE

4. This Defendant avers that the allegations made by the Plaintiff, appear to be with respect to employment she previously had with Central Alabama Hospitality, LLC, an Alabama limited liability company. This Defendant avers that all such claims, if any, would be directed to the limited liability company such that there is no individual liability against this Defendant.

## FIFTH DEFENSE

5. This Defendant further pleads the statute of frauds, the statute of limitations, waiver, payment, estoppel and release.

## SIXTH DEFENSE

6. Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiff.

7. Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

8. Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

9. Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States and that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

10. Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty or property except by due process of law, and that punitive damages are vague and are not rationally related to legitimate government interests.

11. Defendant avers that any award of punitive damages to the Plaintiff in this case will be violate of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

12. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

13. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence. This claim of punitive damages violates

the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    a. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which hereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

    c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

    d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

    e. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

    f. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

14. Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

    a. It is a violation of the due process clause to impose punitive damages,

which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

c. The procedures to which punitive damages are awarded are unconstitutionally vague;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e. The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants.

15. Plaintiff's attempts to impose punitive or extra-contractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

16. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

17. The award of punitive damages against this Defendant in this action would violate prohibition against the laws that impair the obligations of contracts in violation of Article 1, Section 22 of the Constitution of Alabama.

18. The Complaint fails to state a claim for punitive damages under <u>Code of Alabama</u>, §6-11-20 to 6-11-30 (1975) and is barred.

19. This Defendant avers that the demand for punitive damages in the instant case is subject

to those limitations established by the Alabama Legislature and set forth in <u>Code of Alabama</u>, §6-11-21 (replacement volume 1993).

20. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect.

21. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature on punitive damages through judicial decision.

RESPECTFULLY SUBMITTED,

_____
Charles W. Edmondson (EDM002)
Attorney for Kishor Desai

Charles W. Edmondson, P.C.
621 S. Perry Street
Montgomery, Alabama 36104
334-265-9034
Fax 265-9425

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument has been served upon Joyce A. Popwell, 510 North High Street, rear apartment, Millville, New Jersey 08332, by placing copy of same in the United States Mail, postage prepaid, this _____ day of December, 2006.

_____
Charles W. Edmondson (EDM002)