IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOYCE A. POPWELL,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **CASE NUMBER: 2:06CV851-MHT** |
| ) | |
| **CENTRAL HOSPITALITY, ET AL.,** ) | |
| ) | |
| DEFENDANTS. ) | |

**ANSWER OF DEFENDANTS CENTRAL ALABAMA HOSPITALITY, L.L.C., AND HEMANT PATEL**

COME NOW Defendants Central Alabama Hospitality, L.L.C. (referred to incorrectly in the Complaint and amendment thereto as "Central Hospitality"), and Hemant Patel (whose name is incorrectly spelled in the Complaint and amendment thereto) answering the Complaint and amendment thereto as follows:

**ANSWER TO ALLEGATIONS OF COMPLAINT**

1.  Defendants Central Alabama Hospitality, L.L.C. (hereafter "Central") and Hemant Patel are without sufficient information to admit or deny Plaintiff's address and phone number and, therefore, deny that allegation and demand strict proof thereof.

2.  Defendant Hemant Patel admits that his address is 4243 Inn South Boulevard, Montgomery, Alabama, 36105. Central and Hemant Patel are without sufficient information to admit or deny the addresses of the other Defendants and, therefore, deny those allegation and demand strict proof thereof.

3.  Defendants Central and Hemant Patel deny that Plaintiff's civil rights were violated at any location and demand strict proof of the alleged violation. Plaintiff did perform services for

Central Alabama Hospitality at the Ramada Inn Airport ("Ramada Inn") located at 1100 West South Boulevard.

    4.    Defendants Central and Hemant Patel deny that Plaintiff's civil rights were violated at any location and demand strict proof of the alleged violation. Defendants deny that Plaintiff was an employee of Central for the entire time period alleged in the Complaint.

    5.    Defendants Central and Hemant Patel deny that Plaintiff earned any income as an employee of Central that was required to be reported to the federal government and was not reported to the federal government, and they demand strict proof of that allegation. Defendants Central and Hemant Patel deny that they or anyone in their employ sexually harassed Plaintiff, and they demand strict proof of that allegation. Defendants Central and Hemant Patel deny that they or anyone in their employ or acting on their behalves impounded Plaintiff's car or disposed of her personal property, and they demand strict proof of those allegations. Defendants Central and Hemant Patel deny that Plaintiff was terminated from employment, and they demand strict proof of that allegation. Defendants Central and Hemant Patel deny that Plaintiff was entitled to or had a right to commissions that she did not receive, and they demand strict proof of that allegation. Defendants Central and Hemant Patel deny incorrertly representing to anyone that Plaintiff was a general manager of a motel when she was not, and they demand strict proof of that allegation. Defendants Central and Hemant Patel deny that Plaintiff was a general manager of the Ramada Inn Airport motel from 2003 to 2005, and they demand strict proof of that allegation. Defendants Central and Hemant Patel deny that Plaintiff was compensated at a rate lower than anyone similarly-situated in experience and job responsibilities working at the Ramada Inn Airport, and they demand strict proof of that allegation.

    6.    Defendants Central and Hemant Patel deny that Plaintiff did not receive all of the

compensation due her for services she performed for Central and deny that Plaintiff is entitled to the relief requested in the Complaint.

Defendants Central and Hemant Patel deny all other allegations of the Complaint not expressly admitted herein and demand strict proof of those allegations.

## ANSWER TO ALLEGATIONS OF AMENDMENT TO COMPLAINT

A.   Defendants Central and Hemant Patel deny the allegations contained in section A of the amendment to the Complaint and specifically deny that Plaintiff's allegations accurately set out the terms and conditions of her compensation, deny that Plaintiff is entitled to any compensation other than that already received; and deny that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her nationality. Accordingly, Defendants Central and Hemant Patel demand strict proof of the allegations in section A of the amendment to the Complaint.

B.   Defendants Central and Hemant Patel found no section B to the amendment to the Complaint to which to respond.

C.   Defendants Central and Hemant Patel deny the allegations contained in section C of the amendment to the Complaint and specifically deny that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her nationality. Accordingly, Defendants demand strict proof of the allegations in section C of the amendment to the Complaint.

D.   Defendants Central and Hemant Patel deny the allegations contained in section D of the amendment to the Complaint and specifically deny that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her nationality. Accordingly, Defendants demand strict proof of the allegations contained in section D of the

amendment to the Complaint.

  E.  Defendants Central and Hemant Patel deny the allegations contained in section E of the amendment to the Complaint and specifically deny that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her gender. Accordingly, Defendants demand strict proof of the allegations contained in section E of the amendmen tot the Complaint.

  F.  Defendants Central and Hemant Patel deny the allegations contained in section F of the amendment to the Complaint and demand strict proof of these allegations.

  G.  Defendants Central and Hemant Patel deny the allegations contained in section G of the amendment to the Complaint and demand strict proof of these allegations.

  H.  Defendants Central and Hemant Patel deny the allegations contained in section H of the amendment to the Complaint and demand strict proof of these allegations.

  I.  Defendants Central and Hemant Patel deny the allegations contained in section I of the amendment to the Complaint and specifically deny that the complaints alleged and demand strict proof of these allegations.

  Defendants Central and Hemant Patel deny all other allegations of the amendment to the Complaint not expressly admitted herein and demand strict proof of those allegations.

## FIRST DEFENSE

  Defendants Central and Hemant Patel aver that the allegations in the Complaint and amendment thereto fail to state a claim upon which relief can be granted, and the Complaint and amendment thereto are therefore due to be dismissed.

## SECOND DEFENSE

  Defendants Central and Hemant Patel aver that some or all of Plaintiff's claims are barred

by the statute of limitations.

### THIRD DEFENSE

Defendants Central and Hemant Patel aver that Plaintiff's allegations of violations of the Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII claims"), are barred by her failure to file a claim with the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff's failure to file such a claim entitles them to a dismissal of Plaintiff's Title VII claims.

### FOURTH DEFENSE

Defendants Central and Hemant Patel aver that Plaintiff's Title VII claims are barred by the doctrine of laches, and Plaintiff's failure to file a timely claim with EEOC entitles them to a dismissal of Plaintiff's Title VII claims.

### FIFTH DEFENSE

Defendants Central and Hemant Patel aver that Plaintiff's Complaint and amendment thereto contain no allegation that would toll the time for filing an EEOC claim, and Plaintiff's failure to do so entitles them to a dismissal of her Title VII claims.

### SIXTH DEFENSE

Defendant Central avers that it has not had a sufficient number of employs within the time period relevant to the allegations in Plaintiff's Complaint and amendment thereto to be covered by Title VII of the Civil Rights Act of 1964.

### SEVENTH DEFENSE

Defendant Hemant Patel avers that he is not and has never been Plaintiff's employer within the meaning of any federal law.

### EIGHTH DEFENSE

Defendants Central and Hemant Patel aver that Plaintiff has received all payment due for the

services she performed at Ramada Inn.

          s/ George B. Azar
          George B. Azar (AZA002)
          Elizabeth C. Wible (WIB002)
          Attorneys for Defendants Central Alabama Hospitality, L.L.C., & Hemant Patel

OF COUNSEL:
AZAR & AZAR, L.L.C.
2740 Zelda Road, Fourth Floor
P.O. Box 2028
Montgomery, Alabama 36102-2028
Telephone: (334) 265-8551
Fax: (334) 264-9453
gazar@azarlaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    (NOT APPLICABLE)

and I HEREBY CERTIFY that I served a copy of the foregoing, and a copy of the Notice of Electronic Filing, by United States Postal Service to the following non-CM/ECF participants:

    Joyce A. Popwell (pro se)
    203 Mathis Drive
    Little Egg Harbor Twp.
    Tuckerton, NJ 08087

    Anil Patel
    4389 South Alabama Avenue
    Monroeville, AL 36460

    Kishar Desai
    Ramada Inn
    1710 West Highland
    Selma, AL 36701

    Shalish Patel
    2041 Kinderton Manor Drive
    Duluth, GA 30097
    Alka-Chandra Patel

2041 Kinderton Manor Drive
Duluth, GA 30097

Chirag Patel
1100 West South Boulevard
Montgomery, AL 36105

s/George B. Azar