IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JOYCE A. POPWELL,              *
                               *
    Plaintiff,                 *
                               *
vs.                            *   CASE NO. 2:06-CV-00851-MHT
                               *
                               *
CENTRAL HOSPITALITY, et al     *
                               *
    Defendants.                *

### RESPONSE OF KISHOR DESAI AND ATTORNEY CHARLES W. EDMONDSON TO MOTION FOR REMOVAL AND ORDER TO SHOW CAUSE

COMES NOW, Attorney Charles W. Edmondson, individually and as counsel for Kishor Desai and for response to the motion for removal heretofore filed by the Plaintiff and the order of this Honorable Court requiring said Defendant and counsel to show cause states as follows:

1.   That the Plaintiff in this cause has filed a two sentence allegation that Charles W. Edmondson should be removed from this proceeding alleging that said counsel engaged in an attorney-client relationship with the Plaintiff between 1991 and 1993. In response to such allegation, the undersigned counsel would state that he is unaware of any litigation which he undertook on behalf of the Plaintiff as alleged. Counsel does recall that approximately fifteen years ago, he was contacted by the Plaintiff with regard to the possibility of representing her, relative to the Plaintiff's then contention that she had inherited some real property in Chilton County or otherwise had at one time owned the same but that said real property had been allegedly wrongfully acquired by third parties. In all candor to this Court, the undersigned counsel cannot specifically remember the contentions of the Plaintiff with any greater degree of specificity than that which is articulated in this response. However, to the best of the knowledge of the undersigned counsel, no affirmative legal representation was undertaken on behalf of the Plaintiff and said counsel nor his previous firm of

Azar & Azar, LLC were retained to represent the Plaintiff with respect to such matter. It is the recollection of the undersigned counsel that after an initial evaluation of the contentions of the Plaintiff, some fifteen years ago, that the undersigned declined to represent the Plaintiff. The undersigned does not recall any further contact with the Plaintiff since that time.

2. That the Plaintiff otherwise seems to suggest that the undersigned counsel should withdraw due to a conflict of interest in that the undersigned counsel was employed by the law firm of Azar & Azar, LLC during 2002 through 2005. In response, the undersigned would state that he resigned from the law firm of Azar & Azar effective September 25, 2003. The undersigned counsel is unaware of any legal representation which he performed for the Plaintiff while employed at the law firm of Azar & Azar, LLC from 2002 through September 25, 2003. The undersigned would otherwise state that to the best of his recollection, the law firm of Azar & Azar, LLC represented Central Alabama Hospitality, et al and thus the principals of the same and that the Plaintiff would not be a member of such classification.

3. Rule 1.9 of the Alabama Rules of Professional Conduct addresses a conflict of interest of a former client. It states:

> A lawyer who has formally represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client, unless the former client consents after consultation; or (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.

The undersigned respectfully submits that the substance of the Plaintiff's claim in the instant litigation in no way involves the brief inquiries which the undersigned counsel may have made on behalf of the Plaintiff relative to her potential ownership of real estate in Chilton County, Alabama.

There is nothing involved in the instant litigation that may have been learned by the undersigned counsel relative to Chilton County property that would be materially adverse to the Plaintiff in this cause.

WHEREFORE, the premises considered, the undersigned respectfully submits that there are no justifiable grounds asserted by the Plaintiff which would support the withdrawal of the undersigned as attorney for Kishor Desai due to a recognized conflict of interest such that the Plaintiff's motion for removal is due to be denied.

RESPECTFULLY SUBMITTED,

_____
Charles W. Edmondson (EDM002)
Attorney for Kishor Desai

Charles W. Edmondson, P.C.
621 S. Perry Street
Montgomery, Alabama 36104
334-265-9034
Fax 265-9425

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument has been served upon Joyce A. Popwell, P.O. Box 2812, Clanton, Alabama 35046 and George B. Azar, P.O. Box 2028, Montgomery, Alabama 36102-2028, by placing copy of same in the United States Mail, postage prepaid, this __11__ day of January, 2007.

_____
Charles W. Edmondson (EDM002)

3