In The United States District Court
For Middle District of Alabama

Joyce A. Popwell                ) Civil Action
           Planiff              )
v                               ) 2:06-CV-00851 MHT
Central Hospitality Et AL       )
           Defendants           )

Motion For Default Judgement to be Reconsidered

I, Joyce A. Popwell plainiff was under impression amended Summons-Complaint was to be served by court when filed October 30th, 2006, while in New Jersey.

After researching this matter it has been discovered under rule 4 of Federal Rules of Civil Procedure that Summons can be Amended. Yet there is no mention that Plainiff under forma pauperis pursuant should serve Amended Complaint. In fact under 28 U.S.C. ss 1916, others should should be Appointed for service.

Also enclosed is a copy of order for Amended complaint. This does not mention Plainiff should serve the complaint.

Even though Defendants all have Knowledge of amended complaints by regular mail and other defendant's there has been no response from

Defendants Anil Patel or Shalish Patel and Alka Chandra Patel.

In fact Shalish Patel after being served initial complaint phoned me to imform me he is not the right person.

And recently all mail is being returned after aceptance of service in October.

There fore Plainiff is enclosing following:
(a) Copy of order for Amended complaint
(b) Copy of Rule 4

Plainiff hereby request Court to reconsidered Default Judgement based on above rules of Court.

Let it be Known Defendants Kishsor Desai and Hemant hendered service yet when finally served they were served amended complaint.

Plainiff hereby request to therefore reconsidered Default Judgement filed on January 12th, 2007.

Joyce G. Popwell
P.O. Box 2812
Clanton, Al 35046

Phone 609-442-4447

4/4/07

Certificate Of Service

I hereby certify that the above and foregoing instruments has been served upon all Defendants as listed below:

George B. AZAR                Attorney for
Attorneys At Law              Hemant Patel
Post Office Box 2028          Central Hospitality
Montgomery, Al 36102          (Alabama)

Anil Patel                    Pro-Se
4389 Alabama Ave.
Monroeville, Al 36460

Shalish and Alka-Chandra Patel   Pro-Se
2041 Kinderton Manor Dr.
Duluth, Ga. 30097

Charles Edmondson             Attorney for
621 Perry St                  Kishsor Desai
Montgomery, Al 36102

Joyce A. Popwell
Joyce A. Popwell
~~3/27/07~~ 4/3/07

P.O. Box ~~2842~~ 1413  Montgomery, Al
609-442-4447              36102

*In The United States District Court*
*For Middle District Of Alabama*

OCTOBER 25th, 2006

**RECEIVED**

2:06 CV-851-MHT

JOYCE A. POPWELL PRO-SE
VS
CENTRAL HOSPITALITY 2006 OCT 30 P 3:17

AMMENDED TO DATE, PLACE AND OCCUPATION FOR FOLLOWING DEFENDANTS:
*and Responsibility*
U.S. DISTRICT COURT
NAME OF BUSINESS IS CENTRAL HOSPITALITY LLT.
HOWEVER THERE ARE 5 OWNERS AND ONE EMPLOYEE INVOLVED IN THIS MATTER.

{A} HEMMANT PATEL- DID REPORT MY TAXES FOR AROUND 6 TO 8 WEEKS THEN WHEN I WAS MADE MANAGER I WAS TOLD BY SHALISH PATEL AND HEMMANT PATEL THAT I WOULD BE SALARIED AND TAXES WOULD BE TAKEN CARE OF SINCE I WAS ONLY GETTING $150.00 per WEEK AND A ROOM WITH MICRO-WAVE AND FRIDGE. I WAS ALSO TOLD I WAS HIRED TO DO MARKETING BY HEMMANT PATEL AND WOULD GET 10% OF ALL BUSINESS BROUGHT INTO HOTEL. THIS WAS BETWEEN 10/10/02 TILL A MR. VANAY SHARMA WAS BROUGHT OVER TO DO THE MARKETING IN 2004 WHEN THEY DECIDED I SHOULD BE THEIR GENERAL MANAGER.
MR. HEMMANT PATEL IS THE PRESIDENT OF CENTRAL HOSPITALITY AND WAS THE ONE THAT HIRED ME ALONG WITH MR. SHALISH PATEL. AND ACCORDING TO SOCIAL SECURITY ADMINSTRATION, ALKA PATEL, MR. SHALISH PATEL"S WIFE WAS IN CHARGE OF REPORTING MY TAXES.
I APPROACHED MR. KISHSOR DESAI WHEN HE CAME OVER TO PROPERTY IN FEBURARY OF 2003 AND HE STATED THIS WILL BE TAKEN CARE OF THIS. THEN I WAS TOLD I WOULD RECEIVE A 1099 FORM. EVEN THOUGH I REQUESTED THIS I ONLY RECEIVED, ONE, FOR 2005 IN MARCH OF THIS YEAR.
IN 2004 MR. ANIL PATEL AND MR. HEMMANT PATEL BROUGHT OVER THIS FAMILY OF THEIR NATIONALITY. WITH THIS FAMILY WAS A YOUNG MAN BY THE NAME OF CHIRAG PATEL. HE WAS IMMEDIATELY HIRED AS DESK CLERK. EVERYTIME I TRIED TO CORRECT HIM OR SHOW HIM SOMETHING TO DO, WITH THE JOB, HE WOULD CURSE ME, USING PROFANITIES SUCH AS F-BITCH AND USE THREATS THAT I WOULD BE TERMINATED IF I SAID ANY THING BECAUSE ANIL PATEL WOULD SEE TO THIS. HE DID THIS IN FRONT OF GUESTS AND MR. KISHSOR DESAI and CO-WORKERS MANY TIMES. AND FINALLY MY FAMILY MEMBERS FROM HURRICANE KATRINA AND RITA. MR. CHIRAG PATEL ALSO CHARGED GUESTS CASH MONEY AS EVACUEES WERE COMING INTO HOTEL AND I CAUGHT HIM AND I WAS TOLD BY KISHOR DESAI TO STAY OUT OF LOBBY AND AWAY FROM FRONT DESK. BECAUSE YOU KNOW CHIRAG DOES NOT LIKE YOU!! THIS WAS TOLD TO ME AFTER MR. DESAI ASKED ME TO KEEP AN EYE ON FRONT DESK AFTER MY COLLAPSE AND HOSPITALIZATION ON SEPTEMBER THE 9th., 2005. I WAS ASKED THIS BECAUSE I WAS RESIDENTIAL GENERAL MANAGER. EVEN THOUGH I WAS JUST OUT OF THE HOSPITAL, DUE TO THE BUSY TIME WITH HURRICANE VICTIMS AND RED CROSS. I WAS ASKED TO KEEP AN EYE ON THINGS. THIS DUE TO THE FACT I WAS GENERAL MANAGER FOR PAST 3 YEARS. CHIRAG PATEL TOLD ANIL PATEL THAT I WAS CONTROLLING THE PRICES OF THE ROOMS. ONLY BECAUSE I CAUGHT HIM WHILE ON MEDICAL LEAVE. THIS HAPPENED FROM AUGUST 2005 TILL OCTOBER 11, 2005 WHEN I LEFT PROPERTY TO RECOVER FROM A MILD STROKE AND HEART CATH. I WENT TO NEW JERSEY. THEN ON OCTOBER 20th, 2005 I PHONED ANIL PATEL AND TOLD HIM I WOULD TAKE A POSITION I WAS OFFERED MONTHS BEFORE BECAUSE IT INCLUDED AN APARTMENT BIG ENOUGH FOR MY FAMILY FROM KATRINA. HE HAD TOLD ALL OTHER OWNERS TO IMPOUND MY CAR AND REMOVE MY BELONINGS ON OCTOBER 6th, 2005 WHEN I WAS CARRIED OUT BY AMBULANCE ON THIS DATE. HOWEVER I DID KNOW ABOUT THIS TILL MR. ANIL PATEL INFORMED ME OF THIS ON OCTOBER 20th, 2005

{C} All OWNERS WERE AWARE OF MY CONCERNS FOR ALMOST A YEAR AND DID NOTHING ABOUT IT AS PROMISED. DUE TO THE FACT THEY FAVOR THEIR OWN

NATIONALITY OVER AMERICANS. AND I WAS NOT ALLOWED TO TERMINATE ANYONE FROM INDIA.

{D} ALSO THERE IS THE MATTER OF ALL PARTNERS OR OWNERS CONSTANTLY PUTTING DOWN AMERICANS. I WAS TOLD BY MR.KISHOR DESAI THAT AMERICANS ARE DISPOSABLE IN NOVEMBER 2005. I WAS WORTHLESS AND THAT HE HAD TOLD MR.ANIL PATEL THIS WHILE I WAS AWAY ON MEDICAL LEAVE AND MY FIRST VACATION. HE TOLD ME I WAS NOT ALLOWED A VACATION OR A MEDICAL LEAVE WHEN I ASKED FOR MY PAY. ALL EMPLOYEES THAT WORKED SHORT TERM INCLUDING CHIRAG PATELS FAMILY WENT ON NUMEROUS VACATIONS AS DID ALL OTHER NAMED DEFENDANTS. I ONLY GOT A VACATION BY COLLLAPSING ON SEPTEMBER 7th, 2005.   ALSO ALL EMPLOYEES FROM INDIA WERE SUPPLIED LIVING QUARTERS AND PAID OVER TIME. HOWEVER I WORKED LONG HOURS AND WAS TO RUN EVERY ASPECT OF HOTEL BUT ONLY PAID $200.00 PER WEEK AND A ROOM WITH NO KITCHEN FOR 3YEARS. ALSO EMPLOYEES CAME AND LEFT AND OF COURSE I WAS RESPONSIBLE FOR THEIR TRAINING.ALL DEFENDANTS RESPONSIBLE FOR ALL ACTIONS INVOLVING MY EMPLOYMENT. EVERYTIME I HAD A PROBLEM I WENT TO HEMMANT PATEL AND MR. SHALISH PATEL AND I WAS TOLD THERE {WAS GOING TO BE A MEETING WITH PARTNERS. THIS WAS FROM JULY 2005 till SEPTEMBER 2005.

{E} THERE WAS NOT A SEXUAL HARASSMENT CHARGE REPORTED BECAUSE I JUST FOUND-OUT RECENTLY THAT WHAT CHIRAG PATEL DID WAS CONSIDERED SEXUAL HARASSMENT. WHEN I TOLD ALL DEFENDANTS {PARTNERS WHAT WAS GOING ON, THIS WAS IGNORED. LIKED I STATED EARLIER THERE WAS GOING TO BE A MEETI{NG.

(F) While working between August 18th 2005 - September 7th 2005, It was discovered our maintence man was stealing guest credit card Information, and using them for purchases. This was brought to Mr. Desai's Attention he did nothing.

(G) In fact recently I discovered Mr Evan Brown still works for Ramada and Inn South.

(H) Enclosed are copies of Certificate, Grand Jury suppoena right before Katrina. 1099 form just for 2005 even I requested them from Mr. Desai. All these complaints happened at Ramada Inn Airport 1100 W. South Blvd, Montgomery, Ala. 36105.

(I) There has not been a separate complaint or Lawsuit filed separately against defendants as stated in this document I worked under orders of All defendants and with Chirag Patel.

Thankes In All Matters,
Joyce A Popwell

# FEDERAL RULES OF CIVIL PROCEDURE

## RULE 3. COMMENCEMENT OF ACTION

A civil action is commenced by filing a complaint with the court.

## RULE 4. SUMMONS

**(a)** **Form.**

The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

**(b)** **Issuance.**

Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

**(c)** **Service with Complaint; by Whom Made.**

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. §§ 1915 or is authorized to proceed as a seaman under 28 U.S.C. §§ 1916.

**(d)** **Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);

(B) shall be dispatched through first-class mail or other reliable means;

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOYCE A. POPWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV851-MHT |
| | ) | |
| CENTRAL HOSPITALITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On 25 September 2006, the plaintiff ['Popwell"], filed a complaint against the following seven defendants: (1) Central Hospitality, (2) Hemmant Patel, (3) Anil Patel, (4) Kishar Desai, (5) Shalish Patel, (6) Alka-Chandra Patel, and (7) Chirag Patel. She alleges the following five claims:

1. One or more of the defendants failed to withhold or report Social Security taxes;

2. Chirag Patel sexually harassed her and Hemmant Patel "approached" her;

3. Anil Patel impounded her car and disposed of her personal possessions, then terminated her;

4. She never received commissions due for services;

5. While she was General Manager at Central Hospitality, she was "paid lower than anyone" in general, and Indian employees in particular; and

6. While she was General Manager at Central Hospitality, she was not paid for

working overtime.

Popwell's complaint fails to identify the defendants by position, location, and responsibilities, and it fails to state with specificity the wrongful acts committed by each defendant, and the injury or damage that Popwell suffered as a result of each act of wrongdoing. Accordingly, it is hereby

ORDERED that on or before 26 October 2006, Popwell shall file an Amended Complaint which states, in separate paragraphs, the following:

1. The names of each defendant, with the defendant's position, location, and responsibility to or for Popwell.

2. The wrongful act committed by each defendant, including the date and place of the wrongdoing, the federal statute or constitutional provision that was violated by each act of wrongdoing, and the specific injury or damage to Popwell as a result of each act of wrongdoing. The "injury" or "damage" should be stated in terms of the consequences to Popwell and the cost or value of the damage.

3. As to the claim of sexual harassment by Chirag Patel, Popwell shall state whether she filed a charge of sex discrimination or sexual harassment against him with the Equal Employment Opportunity Commission, and if so, the date of the charge. Popwell should also attach a copy of the charge of discrimination and a copy of her Right-to-Sue Notice to the Amended Complaint.

4. As to the claim that she was "approached" by Hemmant Patel, Popwell shall

state further define or describe the "approach", state the name of the defendant(s) who made the approach, whether the "approach" was sexual, and, if so, Popwell shall state whether she filed a charge of sex discrimination or sexual harassment against him with the Equal Employment Opportunity Commission and the date of the charge. Popwell should also attach a copy of the charge of discrimination and a copy of her Right-to-Sue Notice to the Amended Complaint.

5. Popwell shall state whether she has sued Central Hospitality for the acts of the individual defendants, and if so, which ones, or whether she has sued Central Hospitality for separate acts, and if so, which ones.

It is further

ORDERED that the Clerk of the court shall serve a copy of this order upon each named defendant and that the defendants shall refrain from responding to Popwell's claims until she files her Amended Complaint, in compliance with this order.

DONE this 29th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE