IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE A. POPWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-00851-MHT |
| ) | |
| CENTRAL HOSPITALITY, et al., ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed September 28, 2006).[1] Pending is Plaintiff's *Motion for Opposition of Dismissal for Defendant Kishor Desai with Strict Proofs* (Doc. 41, filed April 4, 2007). For good cause, it is the Recommendation of the Magistrate Judge to deny the Motion as there is currently no pending Motion to Dismiss or any other such motion to oppose. As such, Plaintiff's Motion in Opposition is not ripe.

### I.  PARTIES

Plaintiff, Joyce A. Popwell ("Popwell" or "Plaintiff"), is a resident of Montgomery in Montgomery County, Alabama, within the Middle District of Alabama.

---

[1] The case was originally referred to Magistrate Judge Vanzetta P. McPherson. It was later reassigned to the undersigned on January 8, 2007.

There are seven defendants in this case. The relevant defendant for Plaintiff's *Motion for Opposition of Dismissal for Defendant Kishor Desai with Strict Proofs* is Kirshar Desai ("Defendant" or "Desai")

## II. NATURE OF CASE/BACKGROUND

Plaintiff initiated this action *pro se* on September 25, 2006. The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* on September 29, 2006, but also issued an order directing Plaintiff to file an Amended Complaint on or before October 26, 2006. *See* Docs. 4-5. Plaintiff filed her Amended Complaint on October 30, 2006. *See* Doc. 16.

Plaintiff filed her *Motion for Opposition of Dismissal for Defendant Kishor Desai with Strict Proofs* (Doc. 41) on April 4, 2007. In reviewing the docket, there does not appear to be any Motion to Dismiss filed by Defendant Desai nor any other defendant for that matter.

## III. DISCUSSION & ANALYSIS

For an issue to be ripe, it requires the existence of a real and substantial controversy, as opposed to hypothetical or abstract issue that could result in nothing more than the issuance of an advisory opinion. *See National Advertising Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005) (citations omitted) (sufficient concreteness to evidence ripeness for review). A "strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential

or abstract disputes." *Id*.

A ripeness inquiry requires a two part "determination of (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). Based on the minimal development of this case, this case is not yet fit for judicial decision. As such, Plaintiff's motion in opposition is not yet ripe and should be denied.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Plaintiff's *Motion for Opposition of Dismissal for Defendant Kishor Desai with Strict Proofs* (Doc. 41, filed April 4, 2007) be **DENIED as not ripe** and without prejudice to re-file at a later date.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **April 25, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds

of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE