IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE A. POPWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-00851-MHT |
| ) | (WO) |
| CENTRAL HOSPITALITY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed September 28, 2006).[1] Pending before the Court are Plaintiff's *Motion for Default Judgment to be Reconsidered* (Doc. 39, filed April 4, 2007) and *Motion for Re-Application of Default Judgment of Anil Patel* (Doc 53, filed April 30, 2007).

### I.  PARTIES

*Pro se* Plaintiff, Joyce A. Popwell ("Popwell" or "Plaintiff"), is a resident of Montgomery in Montgomery County, Alabama, within the Middle District of Alabama. She brings suit against seven defendants. The relevant defendants for the pending motions are

---

[1] The case was originally referred to Magistrate Judge Vanzetta P. McPherson. It was later reassigned to the undersigned on January 8, 2007.

Anil Patel, Shalish Patel, and Alka-Chandra Patel who are also designated *pro se*.

## II. BACKGROUND AND DISCUSSION

Plaintiff initiated this action *pro se* on September 25, 2006. The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* on September 29, 2006, but also issued an order directing Plaintiff to file an Amended Complaint on or before October 26, 2006. *See* Docs. 4-5. Plaintiff filed her Amended Complaint on October 30, 2006. *See* Doc. 16.

Plaintiff filed her original requests for default on January 12, 2007. *See* Docs. 31-32.[2] The Court denied these motions on January 26, 2007 as there was no evidence that the defendants were served with the Amended Complaint nor was a certificate of service provided to the Clerk of Court. *See* Doc. 35. On April 4, 2007 Plaintiff filed a "Motion to Serve" defendants Shalish Patel, Alka-Chandra Patel, and Anil Patel with the Amended Complaint. *See* Doc. 38. Concurrently Plaintiff filed the *Motion for Default Judgment to be Reconsidered*, which was obviously premature given the three defendants had not yet been served with the Amended Complaint.[3] *See* Doc. 39. On April 5, 2007, the Court granted Plaintiff's request to serve anew Shalish Patel, Alka-Chandra Patel, and Anil Patel and further instructed the Clerk to serve anew all defendants to ensure they all have the Amended

---

[2] Doc. 31 is the Application to Clerk for Entry of Default against Shalish Patel and Alka-Chandra Patel. Doc. 32 is the Application to Clerk for Entry of Default against Anil Patel.

[3] Consequently, the Court waited to address this motion until after the deadlines for answers had passed.

Complaint. *See* Doc. 42.

Anil Patel was served on April 7, 2007 with an answer due on April 27, 2007. *See* Doc. 45. To date, no such answer has been filed. Shalish Patel and Alka-Chandra Patel were served on May 3, 2007 with their Answers being due on May 23, 2007. *See* Doc. 59. Shalish Patel and Alka-Chandra Patel filed their Answers on May 21, 2007. *See* Docs. 57 and 61.

Based on the above, the default judgment against Shalish Patel and Alka-Chandra Patel as requested in Plaintiff's *Motion for Default Judgment to be Reconsidered* (Doc. 39) should be denied as they timely filed their answers on May 21, 2007.[4] Since Anil Patel has not filed an answer the request for default should be granted. *See* Docs. 39[5] and 53.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Plaintiff's *Motion for Default Judgment to be Reconsidered* (Doc. 39) as it pertains to Defendants Shalish Patel and Alka-Chandra Patel be **DENIED**;

(2) Plaintiff's *Motion for Re-Application of Default Judgment of Anil Patel* (Doc. 53) be **GRANTED**;

---

[4] This request refers back to the original application for default in Document 31, which was already denied.

[5] This request refers back to the original application for default in Document 32, which was denied. However, this document need not be revisited as Plaintiff has duplicated the request in Document 53. Further, granting Plaintiff's request in Doc. 53 renders the request in Doc. 39 moot.

(3)   Plaintiff's *Motion for Default Judgment to be Reconsidered* (Doc. 39) as it pertains to Defendant Anil Patel be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **June 7, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of May, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE