IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE A. POPWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NUMBER: 2:06CV851 |
| | ) |
| CENTRAL HOSPITALITY, ET AL., | ) |
| | ) |
| DEFENDANTS. | ) |

**BRIEF AND AFFIDAVIT IN SUPPORT OF MOTION TO
SET ASIDE ENTRY OF DEFAULT**

COMES NOW Anil Patel and files this brief and the attached affidavit (Exhibit A) in support of his motion to set aside the default judgment entered by this Court on July 17, 2007, because of his failure to respond to Plaintiff's Amended Complaint served upon him on or about April 7, 2007. According to the Court's July 17 Order, the matter has been referred back to the Magistrate Judge for a recommendation of "the relief, if any the magistrate judge believes plaintiff should obtain from defendant Anil Patel."

Rule 55(c), Fed. R. Civ. P., provides that "[f]or good cause shown, the court may set aside any entry of default."

The U.S. Court of Appeals for the Eleventh Circuit has provided the following guidance regarding the determination of "good cause" under Rule 55(c):

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one--but not so elastic as to be devoid of substance.' *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989). We recognize that 'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *[Commercial Bank of Kuwait v.] Rafidain Bank,* 15 F.3d [238] at 243 [(2d. Cir. 1994)]; *see also Robinson v. United States,* 734 F.2d 735, 739 (11th

Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir.1992). 'Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default.' *Id.*"

*Compania Interamericana Export-Import, S.A., v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996).

### Anil Patel's Failure to Respond Not Culpable or Willful

Here, Defendant Anil Patel submits his failure to respond to Plaintiff's pleadings was not culpable or willful but was due to an assumption that Hemant Patel and Kishor Desai were handling the defense of this case.

Plaintiff was employed by Defendant Central at a Ramada Inn in Montgomery, Alabama; the only hotel that Central owned. *See Exhibit A ¶¶ 2-4.* Anil Patel was a member of Central but never worked at or supervised the Ramada Inn owned by Central, where Plaintiff worked. *See Exhibit A ¶ 5.* Hemant Patel and Kish Desai were responsible for overseeing that hotel. *Id.* They lived in the Montgomery area. *Id.* Anil Patel lived in Monroeville, where on a daily basis he operated a hotel not affiliated with Central. *See Exhibit A ¶ 6.*

Anil Patel understood Plaintiff's claims in this case to be directed against Central, her employer, and not him personally, and he believed he was being provided paperwork only because he had been a member of Central, not because Plaintiff was claiming he was individually responsible to or liable to her for any reason. *See Exhibit A ¶ 10.*

Based on several papers Anil Patel received in July and the first week of August 2007, Anil Patel had a conversation with Hemant Patel about the case and, as a result, decided to seek the advice of a lawyer about a defense for himself in this case. *See Exhibit A ¶ 11.* He took the court

papers to a lawyer in Monroeville who would not undertake to represent him but gave him some help drafting a motion to set aside default, which Anil Patel filed on August 16, 2007. *Id.*

### No Prejudice to Plaintiff to Set Aside so Early in Proceeding

"Early in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar. ... In these circumstances, a district court should resolve doubts in favor of a party seeking relief from the entry of a default."

***Coon v. Grenier,*** 867 F.2d 73, 76 (1st Cir. 1989).

Plaintiff will not be prejudiced by the filing of this motion because she has not taken any action in reliance on the entry of default. The trial of this action is not scheduled to take place until June 2008. None of the critical deadlines have passed. Little discovery has taken place.

### Anil Patel Has a Meritorious Defense to the Allegations in the Complaint

First, only one of the few references to Anil Patel in Plaintiff's Complaint and Amended Complaint even arguably states a cause of action against Anil, individually. That is Plaintiff's allegation that Anil Patel "had told all other owners to impound my car and remove my belongings on October 6, 2005." *See Amended Complaint ¶ {A}*. While such a directive might arguably state a cause of action if it was carried out (a fact Plaintiff has not alleged), Anil Patel's defense is that the allegation is untrue. He had no involvement whatsoever with any of Plaintiff's property left at Ramada Inn, and he has no knowledge of what happened to any property that Plaintiff left at Ramada Inn. *See Exhibit A ¶ 7*.

For the all of the reasons set forth herein, Anil Patel respectfully requests that this Court exercise its discretion to set aside the entry of default against him.

            s/ George B. Azar
            Bar Number: ASB-3992-A34G
            s/ Elizabeth C. Wible
            Bar Number: ASB-1925-W61E
            AZAR, AZAR & MOORE, L.L.C.
            2740 Zelda Road, Fourth Floor
            Montgomery, Alabama 36106
            Telephone: (334) 265-8551
            Fax: (334) 264-9453
            E-mail: gazar@azarlaw.com
                ewible@azarlaw.com

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on August 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I served a copy of the foregoing, and a copy of the Notice of Electronic Filing, by United States Postal Service, to the following non-CM/ECF participants:

Joyce A. Popwell
P.O. Box 1413
Montgomery, AL 36102.

Alka Chandra Patel
340 Ridgewood Drive
Fayetteville, GA 30215

Shalish Patel
340 Ridgewood Drive
Fayetteville, GA 30215

            s/ George B. Azar
            OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE A. POPWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NUMBER: 2:06CV851 |
| | ) |
| CENTRAL HOSPITALITY, ET AL., | ) |
| | ) |
| DEFENDANTS. | ) |

**AFFIDAVIT OF ANIL PATEL**

Before me, the undersigned authority, personally appeared Anil Patel who being first duly sworn, deposes on oath, and says as follows:

1. I, Anil Patel, am over the age of 21 years and labor under no legal disabilities.

2. I was a member of Central Alabama Hospitality, LLC ("Central"). An entity formed in July 2002 and dissolved in September 2006.

3. From July 2002 to September 2006 Central owned a Ramada Inn hotel located at 1100 West Boulevard, Montgomery, Alabama, 36105.

4. Plaintiff Joyce A. Popwell was employed by Central to work at its Ramada Inn.

5. I never worked at or supervised the Ramada Inn owned by Central, where Plaintiff worked. Hemant Patel and Kish Desai were responsible for overseeing that hotel. They lived in the Montgomery area.

6. Since before July 2002, I have lived in Monroeville, Alabama. I own and, on a daily basis, operate a hotel located in Monroeville, Alabama.

7. I was not involved in any way in any disposition of any of Plaintiff's property left at

Ramada Inn. I did not tell anyone to impound Plaintiff's car or act myself to impound her car. I did not tell anyone to dispose of Plaintiff's personal property or act myself to dispose of her property. I have no knowledge of what happened to Plaintiff's car or property at Ramada Inn, whether it was impounded or disposed of or not.

8. I did not make any decisions regarding or affecting Plaintiff's hiring or employment while she was at Central.

9. I was not aware that Plaintiff had any of the problems or issues described in her Complaint and Amended Complaint with co-employees or other members of Central.

10. Until recently, I understood Plaintiff's claims in this case to be directed against Central, her employer, and not me personally. I believed that I was being provided paperwork related to this case only because I had been a member of Central, not because Plaintiff was claiming I was individually responsible to or liable to her for any reason.

11. Based on several papers I received in July and the first week of August 2007, I called Hemant Patel to find out what was going on in the case. After our conversation, I decided to seek the advice of a lawyer about a defense for myself in this case. I took the papers to a lawyer in Monroeville who would not undertake to represent me but who gave me help drafting a motion to set aside default, which I filed on August 16, 2007.

FURTHER AFFIANT SAITH NOT.

_____
Anil Patel

STATE OF ALABAMA
COUNTY OF MONROE

Before me, the undersigned authority, personally appeared Anil Patel who being first duly sworn, deposes on oath and says as follows:

1. That he is the affiant in the above and foregoing Affidavit.

2. That the facts stated in said Affidavit are true and correct.

*Anil Patel*
Anil Patel

SWORN TO AND SUBSCRIBED before me this 20 day of August 2007.

*Cauce Black-Phillips*
Notary Public
My Commission Expires 03/07/09

(SEAL)