## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JOYCE A. POPWELL,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NUMBER: 2:06CV851-MHT |
| | ) |
| **CENTRAL HOSPITALITY, ET AL.,** | ) |
| | ) |
| DEFENDANTS. | ) |

### ANSWER OF DEFENDANT ANIL PATEL

COMES NOW Defendant Anil Patel answering the Complaint and amendment thereto as follows:

### ANSWER TO ALLEGATIONS OF COMPLAINT

1. Defendant Anil Patel is without sufficient information to admit or deny Plaintiff's address and phone number and, therefore, denies that allegations and demands strict proof thereof.

2. Defendant Anil Patel is without sufficient information to admit or deny the addresses of the other Defendants and, therefore, denies those allegation and demands strict proof thereof.

3. Defendant Anil Patel denies that Plaintiff's civil rights were violated at any location and demands strict proof of the alleged violation. Plaintiff did perform services for Central Alabama Hospitality at the Ramada Inn Airport ("Ramada Inn") located at 1100 West South Boulevard.

4. Defendant Anil Patel denies that Plaintiff's civil rights were violated at any location and demands strict proof of the alleged violation. Defendant denies that Plaintiff was an employee of Central for the entire time period alleged in the Complaint.

5. Defendant Anil Patel denies that Plaintiff earned any income as an employee of Central that was required to be reported to the federal government and was not reported to the

federal government and demands strict proof of that allegation. Defendant Anil Patel denies that he or anyone employed by him or by Central sexually harassed Plaintiff and demands strict proof of that allegation. Defendant Anil Patel denies that he or anyone employed by him or Central or acting on his behalf or at his direction impounded Plaintiff's car or disposed of her personal property, and he demands strict proof of those allegations. Defendant Anil Patel denies that Plaintiff was terminated from employment and demands strict proof of that allegation. Defendant Anil Patel denies that Plaintiff was entitled to or had a right to commissions that she did not receive, and he demands strict proof of that allegation. Defendant Anil Patel denies incorrectly representing to anyone that Plaintiff was a general manager of a motel when she was not and demands strict proof of that allegation. Defendant Anil Patel denies that Plaintiff was a general manager of the Ramada Inn Airport motel from 2003 to 2005 and demands strict proof of that allegation. Defendant Anil Patel denies that Plaintiff was compensated at a rate lower than anyone similarly-situated in experience and job responsibilities working at the Ramada Inn Airport and demands strict proof of that allegation.

6. Defendant Anil Patel denies that Plaintiff did not receive all of the compensation due her for services she performed for Central and denies that Plaintiff is entitled to the relief requested in the Complaint.

Defendant Anil Patel denies all other allegations of the Complaint not expressly admitted herein and demands strict proof of those allegations.

### ANSWER TO ALLEGATIONS OF AMENDMENT TO COMPLAINT

A. Defendant Anil Patel denies the allegations contained in section A of the amendment to the Complaint and specifically denies that Plaintiff's allegations accurately set out the terms and conditions of her compensation, denies that Plaintiff is entitled to any compensation other than that

already received; and denies that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her nationality. Defendant Anil Patel specifically denies that Plaintiff's allegation that "he had told all other owners to impound my car and remove my belongings on October 6, 2005," or on any other date. Accordingly, Defendant Anil Patel demands strict proof of the allegations in section A of the amendment to the Complaint.

      B.      Defendant Anil Patel found no section B to the amendment to the Complaint to which to respond.

      C.      Defendant Anil Patel denies the allegations contained in section C of the amendment to the Complaint and specifically denies that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her nationality. Accordingly, Defendant demands strict proof of the allegations in section C of the amendment to the Complaint.

      D.      Defendant Anil Patel denies the allegations contained in section D of the amendment to the Complaint and specifically denies that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her nationality. Accordingly, Defendant demands strict proof of the allegations contained in section D of the amendment to the Complaint.

      E.      Defendant Anil Patel denies the allegations contained in section E of the amendment to the Complaint and specifically denies that Plaintiff was mistreated, discriminated against, or treated differently in a term or condition of employment because of her gender. Accordingly, Defendant demands strict proof of the allegations contained in section E of the amendment to the Complaint.

      F.      Defendant Anil Patel denies the allegations contained in section F of the amendment to the Complaint and demands strict proof of these allegations.

G. Defendant Anil Patel denies the allegations contained in section G of the amendment to the Complaint and demands strict proof of these allegations.

H. Defendant Anil Patel denies the allegations contained in section H of the amendment to the Complaint and demands strict proof of these allegations.

I. Defendant Anil Patel denies the allegations contained in section I of the amendment to the Complaint and specifically denies the complaints alleged and demands strict proof of these allegations.

Defendant Anil Patel denies all other allegations of the amendment to the Complaint not expressly admitted herein and demands strict proof of those allegations.

## FIRST DEFENSE

Defendant Anil Patel avers that the allegations in the Complaint and amendment thereto fail to state a claim upon which relief can be granted, and the Complaint and amendment thereto are therefore due to be dismissed.

## SECOND DEFENSE

Defendant Anil Patel avers that some or all of Plaintiff's claims are barred by the statute of limitations.

## THIRD DEFENSE

Defendant Anil Patel aver that Plaintiff's allegations of violations of the Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII claims"), are barred by her failure to file a claim with the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff's failure to file such a claim entitles him to a dismissal of Plaintiff's Title VII claims.

## FOURTH DEFENSE

Defendant Anil Patel avers that Plaintiff's Title VII claims are barred by the doctrine of

laches, and Plaintiff's failure to file a timely claim with EEOC entitles him to a dismissal of Plaintiff's Title VII claims.

### FIFTH DEFENSE

Defendant Anil Patel avers that Plaintiff's Complaint and amendment thereto contain no allegation that would toll the time for filing an EEOC claim, and Plaintiff's failure to do so entitles him to a dismissal of her Title VII claims.

### SIXTH DEFENSE

Defendant Anil Patel avers that he is not and has never been Plaintiff's employer within the meaning of any federal law.

### SEVENTH DEFENSE

Defendant Anil Patel avers that Plaintiff has received all payment due for the services she performed at Ramada Inn.

                    s/ George B. Azar
                    Bar Number: ASB-3992-A34G
                    s/ Elizabeth C. Wible
                    Bar Number: ASB-1925-W61E
                    AZAR, AZAR & MOORE, L.L.C.
                    2740 Zelda Road, Fourth Floor
                    Montgomery, Alabama 36106
                    Telephone: (334) 265-8551
                    Fax: (334) 264-9453
                    E-mail: gazar@azarlaw.com
                            ewible@azarlaw.com
                    Attorneys for Defendants Anil Patel, Central
                    Alabama Hospitality, L.L.C., & Hemant Patel

OF COUNSEL:
AZAR, AZAR, & MOORE, L.L.C.
2740 Zelda Road, Fourth Floor
P.O. Box 2028
Montgomery, Alabama 36102-2028
Telephone: (334) 265-8551
Fax: (334) 264-9453
gazar@azarlaw.com

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on August 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I served a copy of the foregoing, and a copy of the Notice of Electronic Filing, by United States Postal Service, to the following non-CM/ECF participants:

Joyce A. Popwell
P.O. Box 1413
Montgomery, AL 36102.

Alka Chandra Patel
340 Ridgewood Drive
Fayetteville, GA 30215

Shalish Patel
340 Ridgewood Drive
Fayetteville, GA 30215

                                                    s/George B. Azar