**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOYCE A. POPWELL,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NUMBER: 2:06CV851 |
| | ) |
| **CENTRAL HOSPITALITY, ET AL.,** | ) |
| | ) |
| DEFENDANTS. | ) |

**BRIEF OPPOSING THE AWARD OF ANY RELIEF TO PLAINTIFF**

COMES NOW Anil Patel and files this brief opposing the award of any relief to Plaintiff based on the allegations contained in the Complaint and Amended Complaint pertaining to Anil Patel, on the ground that the allegations state no claim against Anil Patel, individually, that can be the basis for relief.

> "[A] defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact,' [but] he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.' *Nishimatsu Constr Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore ... [a defendant against whom a default has been entered] is entitled to contest the sufficiency of the complaint and its allegations to support the judgment."

*See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1371 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.")

> "'[A] defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered …. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, … a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.' *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Bruce v. Wal-Mart Stores, Inc.,* 699 F. Supp. 905, 906 (N.D. Ga. 1988) (Forrester, J.); 10A Wright, Miller & Kane, Federal Practice and Procedure § 3688,

> at 63 (3d ed. 1998) ('Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'). Accordingly, the court must consider whether the allegations in the amended complaint--and the reasonable inferences derived therefrom--state a claim for relief."

*DIRECTTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004).

Here, Plaintiff's original Complaint contained one allegation that appeared to be against Anil Patel: "I was told by Anil Patel that they were impounded my car and disposing of my personal possessions." Taken as true, that allegation stated no cause of action against Anil Patel, because Plaintiff did not allege that Anil Patel did anything other than tell her about those events. In fact, no where in her Complaint, including her claims for relief, did Plaintiff state that her car was actually impounded and her personal possessions disposed of. She only alleges that she was told they were.

The Original Complaint contained no other allegations against Anil Patel. In an order entered September 29, 2006, the Magistrate Judge then assigned to this action stated that Plaintiff had alleged that Anil Patel terminated her. Counsel for Anil Patel have found no such allegation in the Complaint.

The amendment to Plaintiff's Complaint contained the following allegations related to Anil Patel:

1. "In 2004 Mr. Anil Patel ... brought over this family of their nationality. With this family was a young man by the name of Chirag Patel." *See Amended Complaint ¶ {A}.* Plaintiff's amended Complaint thereafter describes several things Chirag Patel did and said to her. Taken as true, the allegation that Anil Patel brought Chirag's family here states no cause of action against Anil Patel, because, no matter what Chirag Patel may have done to Plaintiff after his arrival here, Plaintiff has alleged no fact that would make Anil Patel responsible in his individual capacity for

any of Chirag's actions after his arrival here.  Nowhere in the Complaint or amendment thereto does Plaintiff allege that Anil personally knew of, directed, participated in, or ratified any wrongful conduct by Chirag.

2. "[Chirag Patel] ... threat[ened] that I would be terminated if I said anything because Anil Patel would see to this." *See Amended Complaint ¶ {A}*.  Again, taken as true, that allegation states no cause of action against Anil Patel, because, no matter what Chirag Patel may have said to Plaintiff, Plaintiff has alleged no fact that would make Anil Patel responsible in his individual capacity for Chirag's words and actions.  Nowhere in the Complaint or amendment thereto does Plaintiff allege that Anil personally knew of, directed, participated in, or ratified any wrongful conduct by Chirag.

3. "On October 20, 2005, I phoned Anil Patel and told him I would take a position I was offered months before ...  He had told all other owners to impound my car and remove my belongings on October 6, 2005....  I did not know about this till Mr. Anil Patel informed me of this on October 20, 2005." *See Amended Complaint ¶ {A}*.  Plaintiff's allegations lack sufficient clarity to state a claim against Anil Patel for several reasons.

First, it is not clear what Plaintiff means by the term "impound."  Second, in her amendment, Plaintiff is now alleging that her "belongings were removed," rather than "disposed of."  Third, Plaintiff does not allege that she was actually deprived of her car and belongings when she returned from what she has described as "medical leave."  Fourth, Plaintiff does not allege that Anil Patel was the person who impounded her car or removed her belongings, only that he "had told all other owners to do so."  Again, her allegation that he told others to do so is not the same as alleging that it was actually done.  In short, Plaintiff's allegations do not establish that Anil Patel did anything with or caused anything to be done with any of Plaintiff's personal property or that she was actually

deprived of any of her property by any Defendant.

4. "Also, there was the matter of all partners or owners constantly putting down Americans. I was told by Mr. Kishor Desai that Americans are disposable in November 2005. I was worthless and that he had told Mr. Anil Patel this while I was away on medical leave and my first vacation." *See Amended Complaint ¶ {D}.* Taking the second sentence as true, it states no cause of action against Anil Patel, individually, because, no matter what Kishor Desai told Plaintiff, Plaintiff has alleged no fact that would make Anil Patel responsible in his individual capacity for Desai's words and actions. With respect to the first sentence, that all owners "put down" American's, while it may arguably state a Title VII claim, though it is a vague and conclusory allegation, Plaintiff by her own admission filed no EEOC complaint, a prerequisite to a VII suit, and Plaintiff's employer, the only one who could be liable for a Title VII violation, was Central not Anil Patel, individually. See *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) ("Individual capacity suits under Title VII … are inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."); *see also Hinson v. Clinch County Board of Education,* 231 F.3d 821, 826 n.6 (11th Cir. 2000).

For all of the foregoing reasons, the allegations in Plaintiff's Complaint and amendment thereto are insufficient to support a judgment against Anil Patel.

s/ George B. Azar  
Bar Number: ASB-3992-A34G  
s/ Elizabeth C. Wible  
Bar Number: ASB-1925-W61E  
AZAR, AZAR & MOORE, L.L.C.  
2740 Zelda Road, Fourth Floor  
Montgomery, Alabama 36106  
Telephone: (334) 265-8551  
Fax: (334) 264-9453  
E-mail: gazar@azarlaw.com  
ewible@azarlaw.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I served a copy of the foregoing, and a copy of the Notice of Electronic Filing, by United States Postal Service, to the following non-CM/ECF participants:

Joyce A. Popwell
P.O. Box 1413
Montgomery, AL 36102.

Alka Chandra Patel
340 Ridgewood Drive
Fayetteville, GA 30215

Shalish Patel
340 Ridgewood Drive
Fayetteville, GA 30215

                 s/ George B. Azar
                 OF COUNSEL