IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE A. POPWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-00851-MHT |
| ) | (WO) |
| CENTRAL HOSPITALITY, et al., ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed September 28, 2006).[1] Pending before the Court are Defendant Anil Patel's *Motion to Set Aside Default Judgment* (Doc. 83, filed August 16, 2007), *Brief and Affidavit in Support of Motion to Set Aside Entry of Default* (Doc. 84, filed August 20, 2007), *Brief Opposing the Award of Any Relief to Plaintiff* (Doc. 86, filed August 20, 2007), and Plaintiff's *Motion to Deny Anil Patel's Motion to Set Aside Default Judgment* (Doc. 88, filed August 20, 2007).[2]

### I. PARTIES

---

[1] The case was originally referred to Magistrate Judge Vanzetta P. McPherson. It was later reassigned to the undersigned on January 8, 2007.

[2] The Clerk is instructed to construe the *Motion to Deny Anil Patel's Motion to Set Aside Default Judgment* (Doc. 88) as a "Response" to Doc. 83 rather than a separate and distinct motion.

*Pro se* Plaintiff, Joyce A. Popwell ("Popwell" or "Plaintiff"), is a resident of Montgomery in Montgomery County, Alabama, within the Middle District of Alabama. She brings suit against seven defendants. The relevant defendant for the pending motion is Anil Patel ("Defendant" or "Patel").

## II. BACKGROUND AND DISCUSSION

Plaintiff initiated this action *pro se* on September 25, 2006. The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* on September 29, 2006, but also issued an order directing Plaintiff to file an Amended Complaint on or before October 26, 2006. *See* Docs. 4-5. Plaintiff filed her Amended Complaint on October 30, 2006. *See* Doc. 16.

On July 17, 2007 the District Court adopted the Recommendation (Doc. 67) granting default against Defendant Patel. *See* Doc. 74. However, the District Court referred the issue of default judgment back to the Magistrate Judge for further determination. *Id*. As such, the Court scheduled an evidentiary hearing for August 21, 2007 on Plaintiff's request for default judgment. *See* Doc. 75. Prior to the hearing, Patel filed his *Motion to Set Aside Default Judgment* and supporting briefs. *See* Docs. 83, 84, and 86. Plaintiff filed her response on August 20, 2007. Thus, the Court heard oral arguments on the motion at the scheduled hearing on August 21, 2007. *See* Doc. 89 (Minute Entry for hearing).

Under Rule 55(c) of the Federal Rules of Civil Procedure "[f]or good cause shown the court may set aside an entry of default and if a judgment by default has been entered, may

likewise set it aside in accordance with Rule 60(b)." In this case, only an entry of default has been entered, and so the Court considers the pleadings and oral arguments to determine whether good cause has been shown.

The Eleventh Circuit has expressed that the "good cause" standard is a liberal one. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989); *see also Hinson v. Webster Indus.*, 240 F.R.D. 687, 690 (M.D. Ala. 2007) (citing *Compania Interamericana*). While there is no precise formula for the "good cause" standard, there are several factors the court may consider to aid its determination. *Id*. "These factors include, but are not limited to, (1) 'whether the default was culpable or willful' which entails an assessment of the plausibility of the defaulting party's excuse; (2) 'whether setting [the default] aside would prejudice the adversary,' (3) 'whether the defaulting party presents a meritorious defense,' and (4) 'whether the defaulting party acted promptly to correct the default.'" *Hinson*, 240 F.R.D. at 687 (citations omitted); *see also Kelly v. Florida*, No. 06-11258, 2007 WL 295419 (11th Cir. 2007) (unpublished, but asserts same proposition).

By pleadings and oral argument, Patel presents sufficient explanation for his failure to respond. Patel was *pro se* and did not understand the implications of not responding individually as he though the suit was being handled by counsel for Central Hospitality. It was only after one defendant was dismissed that Patel finally understood the lawsuit was also brought against him individually. He has subsequently retained counsel and sought to remedy the default. Since the court had not yet evaluated the damages sought by Plaintiff,

the "good cause" standard is applicable. Further, because very little discovery has taken place, Plaintiff will not be prejudiced by setting aside the default particularly because this case is still in its early stages. Next, Patel has been reasonably prompt in filing its motion for relief from default, especially in light of the fact he was *pro se* until only last Thursday, August 16, 2007. Finally, Patel asserts a defense on the merits with enough specificity to demonstrate that allowing this case to move forward will not be futile.

Based upon the above considerations and this circuit's strong policy for deciding cases on the merits, the entry of default against Patel is due to be set aside for good cause shown.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)   Defendant's *Motion to Set Aside Default Judgment* (Doc. 83) be **GRANTED**;

(2)   The entry of default against Anil Patel be **SET ASIDE** (Doc. 74).

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **September 4, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party

from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      DONE this 22nd day of August, 2007.

      /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE