IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOYCE A. POPWELL,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NUMBER: 2:06CV851 |
| | ) |
| **CENTRAL HOSPITALITY, ET AL.,** | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT ANIL PATEL'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE THAT THE DEFAULT ENTERED AGAINST ANIL PATEL BE SET ASIDE**

COMES NOW Anil Patel responding as follows to Plaintiff's objection to the report and recommendation of the Magistrate Judge entered August 22, 2007, that the default entered against Anil Patel be set aside:

1. Plaintiff first objects that undersigned counsel did not enter a proper appearance on behalf of Anil Patel. Anil Patel's first meeting with undersigned counsel was Friday, August 17, 2007. On Monday, August 20, 2007, the day before the scheduled hearing on the entry of default judgment against Anil Patel, undersigned counsel signed and filed with this Court two briefs (Docs. 84 & 86) and an answer (Doc. 85) on behalf of Anil Patel. Plaintiff was served copies of those filings, both by mail (she is not registered to receive electronic service) and in person, at the hearing on August 21, 2007.

At the hearing, the Magistrate Judge requested that undersigned counsel also file formal notices of appearance on behalf of Anil Patel, which they did the day after the hearing. (Docs. 90 & 92.)

2. Plaintiff also objects that she did not have adequate time to prepare for oral argument

on the matters set forth in the brief and evidentiary materials filed by undersigned counsel in support of Anil Patel's motion to set aside default, because undersigned counsel served her at the hearing.

While it is true that the documents filed by undersigned counsel on August 20, 2007, were first received by Plaintiff at the evidentiary hearing, Anil Patel's motion to set aside default was filed on August 16, 2007 (Doc.83). The supporting brief and affidavit filed by undersigned counsel on August 20, 2007, only expounded on arguments raised in Anil Patel's motion; provided factual support for those arguments; and cited this Court to legal authorities in support of those arguments. Plaintiff has now had two weeks to review the brief and affidavit submitted in support of Anil Patel's motion to set aside default, and she has made no specific or particularized objection to anything stated therein.

3.      Plaintiff's primary substantive objection to the Magistrate's recommendation appears to be an assertion that Anil Patel knew or should have known that Plaintiff was going to sue him as early November 29, 2005, when she sent him the letter attached to her objection.

This Court's record establishes that Plaintiff did not file this action until September 25, 2006. She did not accomplish service of her court-ordered Amended Complaint on Anil Patel until on or about April 7, 2007. Anil Patel has testified by affidavit filed with this Court on August 20, 2007, that his dealings with Plaintiff were in his capacity as a member of Central Alabama Hospitality, LLC, the owner of a Ramada Inn in Montgomery, Alabama, where Plaintiff was employed; a hotel he did not manage. (Exhibit A to Doc. 84.)  Plaintiff's letter of November 29, 2005, does not contradict Anil Patel's affidavit testimony but rather tends to support it, since almost every grievance set forth in Plaintiff's letter relates to either her employment at Ramada Inn or the actions of other employees, particularly Chirag Patel, at Ramada Inn.

4.      Rule 55(c), Fed. R. Civ. P., provides that "[f]or good cause shown, the court may set

aside any entry of default."

The U.S. Court of Appeals for the Eleventh Circuit has provided the following guidance regarding the determination of "good cause" under Rule 55(c):

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one--but not so elastic as to be devoid of substance.' *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989). We recognize that 'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *[Commercial Bank of Kuwait v.] Rafidain Bank,* 15 F.3d [238] at 243 [(2d. Cir. 1994)]; *see also Robinson v. United States,* 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir.1992). 'Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default.' *Id.*"

***Compania Interamericana Export-Import, S.A., v. Compania Dominicana de Aviacion,*** 88 F.3d 948, 951 (11th Cir. 1996).

The Magistrate Judge properly determined from the motions, briefs, evidentiary materials, and oral argument presented on behalf of Anil Patel that he had presented good cause for setting aside the entry of default for these reasons: (1) that Anil Patel's failure to respond was not willful; rather, he "did not understand the implications of not responding individually, as he thought the suit was being handled by counsel for Central Hospitality"; (2) that "very little discovery has taken place[, and therefore], Plaintiff will not be prejudiced by setting aside the default particularly because this case is still in its early stages"; (3) that Anil Patel was "reasonably prompt in filing [his] motion for relief from default, especially in light of the fact he was *pro se* until only last Thursday, August 16, 2007"; and (4) that Patel "assert[ed] a defense on the merits with enough specificity to demonstrate that allowing this case to move forward will not be futile." *See Document 93, Report*

*and Recommendation of the Magistrate Judges entered 8/22/07 at 3.*

Counsel for Anil Patel submit that the Magistrate Judge's report and recommendation (Doc.93) should be adopted by the Court, and the entry of default against Anil Patel set aside.

s/ George B. Azar
Bar Number: ASB-3992-A34G

s/ Elizabeth C. Wible
Bar Number: ASB-1925-W61E
AZAR, AZAR & MOORE, L.L.C.
2740 Zelda Road, Fourth Floor
Montgomery, Alabama 36106
Telephone: (334) 265-8551
Fax: (334) 264-9453
E-mail: gazar@azarlaw.com
ewible@azarlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I served a copy of the foregoing, and a copy of the Notice of Electronic Filing, by United States Postal Service, to the following non-CM/ECF participants:

Joyce A. Popwell
P.O. Box 1413
Montgomery, AL 36102.

s/ George B. Azar
OF COUNSEL
