IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE A. POPWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NUMBER: 2:06CV851-MHT |
| | ) |
| CENTRAL HOSPITALITY, ET AL., | ) |
| | ) |
| DEFENDANTS. | ) |

**MOTION TO AMEND ANSWER AND FOR ADDITIONAL TIME TO FILE FURTHER AMENDMENTS TO ANSWER OF DEFENDANTS CENTRAL ALABAMA HOSPITALITY, L.L.C., HEMANT PATEL, AND ANIL PATEL**

COME NOW Defendants Central Alabama Hospitality, L.L.C. ("Central"), Hemant Patel, and Anil Patel moving to amend their answer and to have additional time to file further amendments once these Defendants have seen the settlement agreement and/or release entered into between Plaintiff and Kishor Desai. As grounds for this motion, Defendants present thefollowing:

1. On or about June 22, 2007, Plaintiff represented to this Court that she had entered into a pro tanto settlement with Defendant Kishor Desai, as a result of which Desai was later dismissed from this action.

2. On or about July 16, 2007, Defendants Central and Hemant Patel served a request for production on Defendant Desai seeking a complete copy of the settlement agreement. On July 31, 2007, Defendant Desai was dismissed from this action without having produced the settlement agreement.

3. On or before August 8, 2006, Defendants Central and Hemant Patel served a request for production and interrogatories on Plaintiff, seeking among other things a complete copy of the settlement agreement.

4.     Defendants deadline for moving to amend their pleadings without leave of court was September 17, 2007. At that time, Defendants had received no responses to any of their discovery requests.

5.     On or about September 26, 2007, Plaintiff sent discovery responses wherein she refused to produce the settlement agreement that she and Defendant Desai had entered into, on the ground that it was confidential. Also, for the first time in her interrogatory responses, Plaintiff stated that she was terminated from Central Alabama Hospitality "because [she] took medical leave." This was the first time that Plaintiff has alleged that her termination was because she took medical leave or had a medical condition. To the extent Plaintiff is now attempting to allege that Defendants violated Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654, Defendants should be entitled to raise certain defenses.

6.     Defendants are currently attempting to work with Plaintiff and Defendant Desai to reach an agreement regarding the discover-ability of the settlement agreement. Attached hereto are letters written to each of them on October 8, 2007. (*See Exhibits 1 & 2.*) If Defendants are unable to reach an agreement with Plaintiff regarding their right to have a copy of the agreement, Defendants intend to pursue the option of asking this Court to compel production of the settlement agreement.

7.     Defendants believe the settlement agreement may give them a right to raise the defense of a set-off of any amount that Plaintiff received from Defendant Desai; or a right to raise as a defense any release language that applies to one or more of the claims against one or more of Defendants remaining in this action; or a right to raise accord and satisfaction as a defense, or a right to raise some other defenses yet unknown to Defendants.

8.     By this motion, Defendants seek permission to amend their Answer with the

amendment attached hereto as *Exhibit 3*.

9. By this motion, Defendants are also requesting additional time within which to file another amendment to their answer after they have secured the settlement agreement and reviewed it to determine what defenses they may be entitled to raise as a result of the settlement agreement between Plaintiff and Defendant Desai.

10. Defendants' amendment adding such claims and defenses that may be available under the *pro tanto* release, will come as no surprise to the Plaintiff. Defendants have been trying to get the settlement document from Plaintiff, as well as Defendant Desai, and neither party would deliver said document. It appears that a court order is going to be necessary to get this discovery.

11. Additional time for Defendants to amend their answer will not unduly delay the trial of this case which is not set until June 2008.

12. Pursuant to Rule 15, Fed. R. Civ. P., leave to amend the pleadings should be freely given when justice requires. This is particularly the case in this instance where, in view of the fact that Plaintiff is aware that Defendants have been attempting to obtain the settlement agreement to raise certain defenses that Defendants may have from utilizing said release.

ABOVE PREMISES CONSIDERED, Defendants move the Court to grant their motion to amend and to grant them additional time within which to amend their answer after they have secured to *pro tanto* settlement agreement entered into between Plaintiff and Defendant Desai.

        s/ George B. Azar
        George B. Azar (AZA002)
        Elizabeth C. Wible (WIB002)
        Attorneys for Defendants Central Alabama Hospitality, L.L.C.; Hemant Patel; and Anil Patel

OF COUNSEL:
AZAR & AZAR, L.L.C.
Attorneys and Counselors at Law

2740 Zelda Road, Fourth Floor
P.O. Box 2028
Montgomery, Alabama 36102-2028
Telephone: (334) 265-8551
Fax: (334) 264-9453
gazar@azarlaw.com
ewible@azarlaw.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on October 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Marion F. Walker
>FORD & HARRISON, LLP
>2100 3RD Avenue North, Suite 400
>Birmingham, AL 35203

and that I served a copy of the foregoing, and a copy of the Notice of Electronic Filing, by United States Postal Service, to the following non-CM/ECF participants:

>Joyce A. Popwell
>P.O. Box 1413
>Montgomery, AL 36102.

>s/ George B. Azar
>OF COUNSEL

N:\Personal Folders\gazar\Patel-Popwell\Motion to Amend Answer.wpd

# AZAR, AZAR & MOORE, LLC
### ATTORNEYS AND COUNSELORS AT LAW

GEORGE B. AZAR
ZACK M. AZAR
BRIAN W. MOORE
PAUL E. BURKETT

ALIANT CENTER
2740 ZELDA ROAD, FOURTH FLOOR
MONTGOMERY, ALABAMA 36106
POST OFFICE BOX 2028
MONTGOMERY, ALABAMA 36102-2028
TELEPHONE: (334) 265-8551
FACSIMILE: (334) 264-9453
FED I.D. # 20-8870488

OF COUNSEL
EDWARD J. AZAR
ELIZABETH C. WIBLE

www.azarlaw.com
WRITER'S E-MAIL: gazar@azarlaw.com
WRITER'S DIRECT DIAL: (334) 293-0542
DIRECT FACSIMILE: (334) 293-0573

October 8, 2007

Charles W. Edmondson
Attorney at Law
P.O. Box 59
Montgomery, AL 36101-0059

*VIA FACSIMILE TRANSMITTAL*
265-9425

Re: U.S. District Court Case No.: 2:06-cv-00851
*Popwell v. Central Hospitality, et al.*

Dear Charles,

Referring to our discovery which was served on your client, Kishor Desai, before he was dismissed in this action, and also our subsequent telephone conversation, we would request that you re-visit your decision not to produce the *pro tanto* release. We have requested this in discovery, which was served on your client prior to his dismissal and we believe that your client is under an obligation to comply with the discovery. We wanted to take this matter up with you prior to filing motions with the Court, as we believe we must certify to the Court that we have made an effort to resolve our differences concerning discovery before filing a motion.

We request that you re-visit this matter and let us have a response as to whether you will produce the *pro tanto* settlement or if you are going to require us to file a motion with the Court.

Thanking you in advance, I remain,

Very cordially,

George B. Azar
AZAR, AZAR & MOORE, L.L.C.

GBA/cbp
cc: Anil Patel
    Hemant Patel

Patel v. Popwell
Exhibit 1

**AZAR, AZAR & MOORE, LLC**
ATTORNEYS AND COUNSELORS AT LAW

GEORGE B. AZAR
ZACK M. AZAR
BRIAN W. MOORE
PAUL E. BURKETT

ALIANT CENTER
2740 ZELDA ROAD, FOURTH FLOOR
MONTGOMERY, ALABAMA 36106
POST OFFICE BOX 2028
MONTGOMERY, ALABAMA 36102-2028
TELEPHONE: (334) 265-8551
FACSIMILE: (334) 264-9453
FED I.D. # 20-8870488

OF COUNSEL
EDWARD J. AZAR
ELIZABETH C. WIBLE

www.azarlaw.com
WRITER'S E-MAIL: gazar@azarlaw.com
WRITER'S DIRECT DIAL: (334) 293-0542
DIRECT FACSIMILE: (334) 293-0573

October 8, 2007

Ms. Joyce A. Popwell
P.O. Box 1413
Montgomery, AL 36102

   Re: *Popwell v. Central Alabama Hospitality, et al.*, 2:06CV851-MHT (M.D. Ala.)

Dear Ms. Popwell:

  We received your responses to our consolidated request for discovery, which we served on you on August 8, 2007.

  With respect to certain of our requests for production and interrogatories to which you objected, we are providing, below, citations to authorities that we believe support our position that the information is discoverable. The rules of the Middle District of Alabama require that the parties work together to resolve their disagreements regarding the discover-ability of documents and information before seeking the Court's assistance in resolving discovery matters. We therefore ask that you review our requests, arguments, and cited authorities and let us know whether you will reconsider your position not to provide these documents and information.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

  **OUR REQUEST 2.** Please provide a copy of your settlement agreement with Kishor Desai arising out of or related to this action.

  **Your Response:** It is confidential. You will have to receive a copy via Court Order.

  **Reason we believe document is discoverable:** Whenever claims are asserted against defendants as joint tortfeasors, that is the actions of two or more defendants combined to cause one injury, and the plaintiff settles with one of the joint tortfeasors, the remaining joint tortfeasors are entitled to a credit against any judgment ultimately recovered against them of the amount that the plaintiff received in settlement from the settling joint tortfeasor. *See Berry v. Pullman Co.*, 249 F. 816, 821 (5th Cir. 1918) ("[I]n all these cases it is held, that the joint wrongdoer against whom the suit was brought, when such a settlement with another wrongdoer has been made as pleaded, is entitled, pro tanto, to the amount received in settlement by the plaintiff injured as a credit on any liability which may be found to exist against the one sued.").

Patel v. Popwell
Exhibit 2 - Page 1 of 4

*Popwell Letter*
*October 8, 2007*
*Page 2*

Here, it appears that you are claiming that all Defendants jointly caused the injuries alleged in the complaint and the amendment to it. Therefore, the Defendants would be considered joint tortfeasors and entitled to a credit of the amount paid by Kishor Desai in the settlement of this case.

The remaining defendants may also be entitled to assert other defenses in this case that the nature of which would be determined by the language of the settlement.

There are numerous cases in which federal district courts have held that co-defendants and similarly-situated parties are entitled to have copies of any written settlement document, including a release, of the plaintiff's claims against one of them. *See Bennett v. Lapere*, 112 F.R.D. 136 (D.R.I. 1986) (holding that hospital was entitled to have confidential settlement agreement entered into between plaintiffs and physicians); *U.S. Equal Employment Opportunity Commission ("EEOC") v. Rush Prudential Health Plan*, 1998 U.S. District LEXIS 4170 (D.N. Ill. 1998) (holding that the EEOC, as the original plaintiff in the action, was entitled to confidential settlement agreement entered into between third-party plaintiff employee and the defendant employer); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2007 U.S. Dist. LEXIS 37134 (S.D. Fla. 2007) (holding that the plaintiff was entitled to a complete copy of a confidential settlement agreement entered into between a third-party plaintiff and a third-party defendant who were plaintiff and defendant in another case).

## INTERROGATORIES

**OUR INTERROGATORY NO. 3:** Please give your employment background, including your current employment, stating the names and addresses of each employer, dates of employment with each employer, the full duties and nature of your job with each employer, the name of your immediate supervisor and each such employer, and your reason for leaving each employment.

**Your response:** My employment history for the past 10 years if (sic) as follows:
(a) No current employment.
(b) Employed at Ramada Inn South in Montgomery, AL, commencing on 10/10/02 and terminating 11/17/05. Terminated because took medical leave. Hemant Patel, Kistior Desai, and Anil Patel were my immediate supervisors.
(c) 1998-1999 - 2 weeks at Bally's Casino, slot host executive, Atlantic City, NJ; 4 months at Hilton Hotel Casino, pit clerk with financial control. Stopped my employment due to a medical condition (neck and back injuries from motor vehicle collision of 10/23/97 in Atlantic City, NJ.)

**Deficiencies in your response:**
1. The interrogatory was not limited to a 10-year period. We asked for a complete employment history.
2. You have not provided the address of either employer listed in paragraph (c).
3. You have not provided the specific dates of your employment at either employer

*Popwell Letter*
*October 8, 2007*
*Page 3*

listed in paragraph (c).
    4.    You have not provided the names of any supervisors at the employers listed in paragraph (c)
    5.    It is unclear whether your neck and back injuries sustained in the motor vehicle accident were the cause of your leaving one or both employers listed in paragraph (c) and, if only one, which one.
    6.    In your answer to Interrogatory # 5 you state that you were involved in a 1998 suit against Trump Taj Majal for wrongful discharge and non-extension of COBRA. Please provide all of the information requested in Interrogatory 3 about Trump Taj Majal.
    7.    In your answer to Interrogatory # 5 you state that you settled a worker's compensation action against Danny's Family Restaurant in Hamilton Square, NJ, in or around 1979. Please provide all of the information requested in Interrogatory 3 about Danny's Family Restaurant.
    8.    In your answer to Interrogatory # 5 you state that you settled a worker's compensation action against Show Boat Casino Hotel in or around 1989. Please provide all of the information requested in Interrogatory 3 about Show Boat Casino Hotel in Atlantic City, NJ.

**OUR INTERROGATORY NO. 5:** If you have ever been a party to any other lawsuit, please provide the name of the state, county, and court in which such lawsuit was filed, the names of the parties to the lawsuit, and the outcome of said lawsuit.

**Your Response:**
(a)    1972 - divorce (former Chester H.G. Besson), Altantic City, NJ.
(b)    1979 - Worker's compensation; Danny's Family Restaurant, Hamilton Square, NJ. Settled - confidential.
(c)    1989 - Worker's compensation; Show Boat Casino Hotel, Atlantic City, NJ. Settled - confidential.
(d)    1989 - divorce (former spouse - Gerald F. Whelton), Toms River, NJ.
(e)    1998 - wrongful discharge and non-extension of Cobra; Trump Taj Majal. Settled - confidential.
(f)    1999 - car wreck from 1997; Atlantic County, Atlantic City, NJ. Ongoing as of the date of this pleading.

**Deficiencies in your response:**
1.    Your answer does not identify the courts in which these actions were filed.
2.    You have not identified the parties to the lawsuit listed in paragraph (f).

Also, in response to **Interrogatories 6, 7, 8, 11, and 12**, you have simply referred us to your complaint. We do not believe such answer complies with the Federal Rules of Civil Procedure and we ask that you fully answer those interrogatories.

We would suggest that you may want to contact an attorney and have him/her review this material with you. We recognize that you are without counsel at this time and, for this reason, we want

*Popwell Letter*
*October 8, 2007*
*Page 4*

to cooperate to the fullest in suggesting to you problems with your discovery.

Please let us hear from you as soon as possible.

Very cordially,

George B. Azar
AZAR, AZAR & MOORE, LLC

cc:   Anil Patel
      Hemant Patel

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOYCE A. POPWELL,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **CASE NUMBER: 2:06CV851-MHT** |
| ) | |
| **CENTRAL HOSPITALITY, ET AL.,** ) | |
| ) | |
| DEFENDANTS. ) | |

**AMENDMENT TO ANSWERS OF DEFENDANTS CENTRAL ALABAMA HOSPITALITY, L.L.C., HEMANT PATEL, AND ANIL PATEL**

COME NOW Defendants Central Alabama Hospitality, L.L.C., Hemant Patel, and Anil Patel amending their answers the Complaint and amendment thereto as follows:

**ANSWER TO ALLEGATIONS OF COMPLAINT and AMENDED COMPLAINT**

To the extent Plaintiff has alleged that she was terminated because she took medical leave or that she was terminated because of a medical condition or a disability, Defendants deny that allegation and demand strict proof thereof.

**NINTH DEFENSE**

Defendants aver that Plaintiff's allegations of violations of the Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA claims"), and the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), are barred by her failure to file a claim with the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff's failure to file such a claim entitles them to a dismissal of Plaintiff's ADA and FMLA claims.

**TENTH DEFENSE**

Defendants aver that Plaintiff's ADA and FMLA claims are barred by the doctrine of laches,

Exhibit 3
page 1 of 3

and Plaintiff's failure to file a timely claim with EEOC entitles them to a dismissal of Plaintiff's ADA and FMLA claims.

**ELEVENTH DEFENSE**

Defendants aver that Plaintiff's Complaint and amendment thereto contain no allegation that would toll the time for filing an EEOC claim, and Plaintiff's failure to do so entitles them to a dismissal of her ADA and FMLA claims.

**TWELFTH DEFENSE**

Defendants aver that Plaintiff is not disabled within the meaning of the ADA.

**THIRTEENTH DEFENSE**

Defendant Central avers that it has not had a sufficient number of employs within the time period relevant to the allegations in Plaintiff's Complaint and amendment thereto to be covered by either ADA or FMLA.

**FOURTEENTH DEFENSE**

Defendants Hemant Patel and Anil Patel aver that they are not and have never been Plaintiff's employer within the meaning of any federal law.

**FIFTEENTH DEFENSE**

Defendants have a right to a set off of any sum that Defendant Kishor Desai paid Plaintiff to settle this action.

**SIXTEENTH DEFENSE**

Defendants plead any and all claims they have under the pro tanto release and/or settlement agreement entered into between Kishor Desai and Plaintiff in connection with this action, including but not limited to any release of liability included or provided by the release document.

Exhibit 3
page 2 of 3

### SEVENTEENTH DEFENSE

    Defendants plead accord and satisfaction.

                                                     s/ George B. Azar
                                                     George B. Azar (AZA002)
                                                     Elizabeth C. Wible (WIB002)
                                                     Attorneys for Defendants Central Alabama Hospitality, L.L.C., Hemant Patel, and Anil Patel

OF COUNSEL:
AZAR & AZAR, L.L.C.
2740 Zelda Road, Fourth Floor
P.O. Box 2028
Montgomery, Alabama 36102-2028
Telephone: (334) 265-8551
Fax: (334) 264-9453
gazar@azarlaw.com
ewible@azarlaw.com

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Marion F. Walker
    FORD & HARRISON, LLP
    2100 3RD Avenue North, Suite 400
    Birmingham, AL 35203

and I HEREBY CERTIFY that I served a copy of the foregoing, and a copy of the Notice of Electronic Filing, by United States Postal Service to the following non-CM/ECF participants:

    Joyce A. Popwell (pro se)
    203 Mathis Drive
    Little Egg Harbor Twp.
    Tuckerton, NJ 08087

                                                       s/George B. Azar

Exhibit 3
page 3 of 3