IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOYCE A. POPWELL,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NUMBER: 2:06CV851-MHT |
| | ) |
| **CENTRAL HOSPITALITY, et al.,** | ) |
| | ) |
| DEFENDANTS. | ) |

**BRIEF OF DEFENDANTS CENTRAL ALABAMA HOSPITALITY, L.L.C., HEMANT PATEL, AND ANIL PATEL SEEKING PRODUCTION OF PRO TANTO SETTLEMENT AGREEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT KISHOR DESAI**

COME NOW Defendants Central Alabama Hospitality, L.L.C. ("Central"), Hemant Patel, and Anil Patel seeking discovery of a pro tanto settlement agreement and release entered into between Plaintiff and Kishor Desai, a former Defendant in this action.

Plaintiff was employed by Defendant Central at a Ramada Inn in Montgomery, Alabama; the only hotel that Central owned. Defendant Kishor Desai was one of the members of Central responsible for oversight of Ramada Inn and the Central employees who worked there.

It is currently the understanding of these Defendants that Plaintiff is alleging that she was sexually harassed, that she was discriminated against on the basis of race or ethnicity, that she was discriminated against on the basis of a disability, that she was terminated for taking medical leave, that she was not paid sums that she was owed under a contract of employment, that her wages were not properly reported to the Internal Revenue Service, that social security taxes should have been paid on her wages, and that her personal property may have been taken from her.

Defendant Kishor Desai has settled with Plaintiff for an amount and on terms that both of

them have refused to disclose on the ground of confidentiality.

The remaining Defendants believe they are entitled to know the amount and the terms of the settlement and have copies of any written settlement agreement and release because that information is relevant to either Plaintiff's claim or the remaining Defendants' defenses. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Specifically, Plaintiff's alleged wrongful acts by Defendants, if true, were acts in which Defendant Kishor Desai was an alleged participant and acts for which he could have been held jointly and severally liable; therefore, depending on what Plaintiff can prove, the remaining Defendants may be entitled to a set off of any sum that Kishor Desai paid in settlement to Plaintiff. **See Berry v. Pullman Co.,** 249 F. 816, 821 (5th Cir. 1918) ("[I]n all these cases it is held, that the joint wrongdoer against whom the suit was brought, when such a settlement with another wrongdoer has been made as pleaded, is entitled, pro tanto, to the amount received in settlement by the plaintiff injured as a credit on any liability which may be found to exist against the one sued.").

Also, Plaintiff apparently released all or some of her claims in connection with her settlement with Defendant Kishor Desai. "The construction of settlement contracts is governed by state law applicable to contracts in general." **Blum v. Morgan Guaranty Trust Co.,** 709 F.2d 1463, 1467 (11th Cir. 1983). **Alabama Code § 12- 21-109 (2007)** states: "All receipts, releases and discharges

in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto." Unnamed third-parties "who are not the agents, principals, heirs, assigns of, or who do not otherwise occupy a privity relationship with the named payors" are not precluded "from timely interposing a defense [based on the language in a release] to the extent of claiming credit for any amounts paid by named parties to the release," but they "bear the burden of proving by substantial evidence that they are parties intended to be released." *Pierce v. Orr,* 540 So. 2d 1364, 1367 (Ala. 1989). Here, the remaining Defendants cannot know the legal effect of the release on the claims in this case until they have seen it.

For the foregoing reasons and because the remaining Defendants cannot fully evaluate the possible effect of Plaintiff's settlement with and release of Defendant Kishor Desai until they know the terms and have seen the documents, Defendant submit they are entitled to discovery of the information and documents. *See* **Bennett v. Lapere,** 112 F.R.D. 136 (D.R.I. 1986) (holding that hospital was entitled to have confidential settlement agreement entered into between plaintiffs and physicians); **U.S. Equal Employment Opportunity Commission ("EEOC") v. Rush Prudential Health Plan,** 1998 U.S. District LEXIS 4170 (D.N. Ill. 1998) (holding that the EEOC, as the original plaintiff in the action, was entitled to confidential settlement agreement entered into between third-party plaintiff employee and the defendant employer); **Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.,** 2007 U.S. Dist. LEXIS 37134 (S.D. Fla. 2007) (holding that the plaintiff was entitled to a complete copy of a confidential settlement agreement entered into between a third-party plaintiff and a third-party defendant who were plaintiff and defendant in another case).

ABOVE PREMISES CONSIDERED, Defendants move the Court to grant their request to have the terms of the pro tanto settlement agreement and release entered into between Plaintiff and

Defendant Desai.

>s/George B. Azar
>Bar Number: ASB-3992-A34G
>s/ Elizabeth C. Wible
>Bar Number: ASB-1925-W61E
>Attorneys for Defendants Central Alabama Hospitality, L.L.C.; Hemant Patel; and Anil Patel

AZAR, AZAR & MOORE, L.L.C.
2740 Zelda Road, Fourth Floor
P.O. Box 2028 (36102-2028)
Montgomery, Alabama 36106
Telephone: (334) 265-8551
Fax: (334) 264-9453
gazar@azarlaw.com
ewible@azarlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Marion F. Walker
>FORD & HARRISON, LLP
>2100 3RD Avenue North, Suite 400
>Birmingham, AL 35203

>Christopher E. Sanspree
>Edward L. McRight, Jr.
>SANSPREE & McRIGHT, LLC
>603 Martha Street
>Montgomery, AL 36104

>s/ George B. Azar
>OF COUNSEL