UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOYCE A. POPWELL,

    Plaintiff,

v.

CENTRAL HOSPITALITY, et al.,

    Defendants.

CIVIL ACTION NO.
2:06-cv-00851-MHT

## DEFENDANTS SHAILESH PATEL AND ALKA PATEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants Shailesh Patel and Alka Patel,[1] by and through their counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby submit this Memorandum of Law in support of their Motion to Dismiss and state as follows:

## I.    BACKGROUND

Plaintiff Joyce A. Popwell, proceeding *pro se*, filed her Initial Complaint in this action on September 25, 2006 against Central Hospitality, LLC, Hemant Patel, Anil Patel, Kishor Desai, Chirag Patel, Shailesh Patel and Alka Patel.  On October 25, 2006, Plaintiff filed an Amended Complaint expanding upon the skeletal allegations set forth in her Initial Complaint.  While the allegations set forth in Plaintiff's Amended Complaint are at best vague, Plaintiff generally appears to

---

[1]    Alka Patel here is not one and the same as Alka-Chandra Patel who filed a pro se Answer in this case. See Submission of Evidence in Support of Motion to Dismiss by Shailesh and Alka Patel.

claim that she was in some way paid improperly; that her employer, Central Hospitality, LLC, failed to properly report her federal taxes and Social Security income; that she was subjected to profane language by co-worker Chirag Patel, which she asserts constitutes unlawful sexual harassment; that she was discriminated against because she was a native-born United States citizen; and that she was in some way discriminated against with respect to medical leave. Defendant Shailesh Patel was merely an individual investor in Central Hospitality, LLC. Defendant Alka Patel is his wife and was never an individual investor in Central Hospitality, LLC. Neither Shailesh Patel nor Alka Patel are or ever have been officers, agents, servants or employees of that corporation. Moreover, Defendants Shailesh Patel and Alka Patel are not Plaintiff's employer and have entered no contractual relationship with Plaintiff.

On October 4, 2007, Defendants Shailesh Patel and Alka Patel filed their Motion to Dismiss on the grounds this Court lacks personal jurisdiction, that venue in the Middle District of Alabama was improper, and that Plaintiff has failed to state a claim upon which relief could be granted. Defendants Shailesh Patel and Alka Patel now file this Memorandum of Law in Support of that Motion to Dismiss.

## II.   THE MIDDLE DISTRICT OF ALABAMA LACKS PERSONAL JURISDICTION OVER DEFENDANTS SHAILESH PATEL AND ALKA PATEL

Plaintiff's Amended Complaint must be dismissed because this Court lacks personal jurisdiction over Defendants Shailesh Patel and Alka Patel.  Fed. R. Civ. P. 12(b)(2).  Lack of personal jurisdiction is a waivable defense under Federal Rule of Civil Procedure 12(h)(1), and it is therefore incumbent upon the Defendant to challenge it by filing a motion to dismiss under Rule 12(b)(2).  On May 16, 2007, Defendants Shailesh Patel and Alka Patel filed a *pro se* Answer in this Court.  That Answer denied all of Plaintiff's allegations and set forth several affirmative defenses.  Among those defenses, Defendants Shailesh Patel and Alka Patel explicitly "object[ed] to jurisdiction and venue" in this Court.  See Answer.  Thus, it is clear that Defendants Shailesh Patel and Alka Patel raised their objection to the exercise of personal jurisdiction in their first responsive pleading to this Court and have, therefore, preserved their right to challenge personal jurisdiction by filing their Motion to Dismiss.  See Am. Econ. Ins. Co. v. Rutledge, 2006 U.S. Dist. LEXIS 92482 *5 (M.D. Ala. Dec. 20, 2006) ("Under the Federal Rules of Civil Procedure, a Rule 12(b)(2) defense based on lack of personal jurisdiction is waived if not raised in the defendant's first responsive pleading, whether it be in a pre-answer motion or in the answer itself.").

Once challenged, the burden shifts to the plaintiff to establish a prima facie case of personal jurisdiction over the nonresident defendant. See Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990). "In deciding whether there is personal jurisdiction, the court looks to (1) whether jurisdiction could be found under the state's long-arm statute, and (2) whether that finding would comport with due process." Portera v. Winn Dixie, 996 F. Supp. 1418, 1423 (M.D. Ala. 1998) (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)). However, because "[t]he limits of Alabama's long-arm jurisdiction are coextensive with the limits of due process," "that analysis conflates into a single step." Portera, 996 F. Supp. at 1423 (citing Ex parte Mony Fed. Credit Union, 668 So. 2d 552, 556 (Ala. 1995)). "Exercising personal jurisdiction over a defendant is within the bounds of 'due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum . . . and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.'" Portera, 996 F. Supp. at 1423 (citing United States SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997)).

A forum may exercise jurisdiction over a defendant in two sets of circumstances: (1) the forum may exercise "specific jurisdiction" over a "defendant in a suit arising out of or related to the defendant's contacts with the forum"; or (2) the forum may exercise "general jurisdiction . . . over a defendant in

a suit not arising out of or related to the defendant's contacts with the forum." ." .
Portera, 996 F. Supp. at 1423 (citing Carrillo, 115 F.3d at 1542 n.2)).  Like the
plaintiff in Portera, "[i]n the present suit, Plaintiff has not specified the type of
jurisdiction sought" over Defendants Shailesh Patel and Alka Patel.  Id.
"Nevertheless, jurisdiction fails under either theory."  Id.

Plaintiff cannot establish specific jurisdiction because she has alleged no
facts indicating Defendants Shailesh Patel and Alka Patel have sufficient contacts
in the State of Alabama, or that whatever contacts Defendants Shailesh Patel and
Alka Patel may have with the State are connected to the facts in this case.  Simply
stated, specific jurisdiction cannot be established because Defendants Shailesh
Patel and Alka Patel have "done nothing which link[] [them] to the facts of this
suit."  Id.

Defendants Shailesh Patel and Alka Patel do not maintain a residence in
Alabama, own no real or personal property in Alabama, maintain no bank accounts
in Alabama, have no telephone listing in Alabama, have not entered any contracts
in Alabama, and have no agent for service of process in Alabama.  Defendant
Shailesh Patel was merely an individual investor in Central Hospitality, LLC, and
the married couple otherwise have no contacts with the State of Alabama.  Plaintiff
has not alleged Defendants Shailesh Patel and Alka Patel were her employer or that
Defendants Shailesh Patel and Alka Patel entered into any contract with Plaintiff.

In order to find contacts sufficient for specific jurisdiction, courts examine: (1) the relationship between the defendants' contacts with the forum state and the cause of action; (2) the degree to which the defendants purposefully availed themselves of the privilege of conducting activities within the forum state; and (3) the degree to which the defendants could reasonably anticipate being haled into court in the forum state.  See Carrillo, 115 F.3d at 1542 (quoting Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1993)).  In the present case, Defendants Shailesh Patel and Alka Patel's only activity which has any relation to this cause of action is Shailesh Patel's status as an individual investor in Central Hospitality, LLC.  Such investment is clearly insufficient to establish specific jurisdiction over Defendants Shailesh Patel and Alka Patel.  Portera, 996 F. Supp. at 1424.

Similarly, Plaintiff cannot establish this Court has "general jurisdiction" over Defendants Shailesh Patel and Alka Patel.  In order for a forum to exercise general jurisdiction over Defendants, Plaintiff must demonstrate that Defendants Shailesh Patel and Alka Patel engage in "continuous and systematic general business contacts" in this jurisdiction.  Portera, 996 F. Supp. at 1424-25.  However, Plaintiff has not even alleged such continuous and systematic general business contacts in the State of Alabama.  Other than Defendant Shailesh Patel's investment in Central Hospitality, LLC, there is no allegation whatsoever of any

general business contacts with the State of Alabama, and Defendants Shailesh Patel's status as an individual investor in Central Hospitality, LLC is clearly insufficient to establish general jurisdiction.  See Portera, 996 F. Supp. at 1425.

In Portera v. Winn Dixie, 996 F. Supp. 1418 (M.D. Ala. 1998), this Court found a party's status as the parent of a subsidiary company doing business in the State of Alabama to be insufficient to establish personal jurisdiction.  (citing Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416-418 (1984) (rejecting jurisdiction in Texas where defendant's CEO had made business trip to Texas for negotiation, and defendant had accepted checks from Texas bank, made purchases in Texas, and received training in Texas); Madara, 916 F.2d at 1516 n.7 (holding that "indirect ownership of property, concert performances and the sale of records and the like" are not sufficient contacts for jurisdiction)).

Similarly, shareholders in a corporation do not subject themselves to personal jurisdiction in the forum in which the corporation was formed.  See Shaffer v. Heitner, 433 U.S. 186, 216 (1977).  Thus, in Lanzi v. Ala. Dep't of Revenue, 2006 Ala. Civ. App. LEXIS 406 (Ala. Civ. App. June 30, 2006), the court held that a nonresident's ownership of stock in a domestic corporation does not subject the nonresident shareholder to judicial jurisdiction in the State of Alabama.  Moreover, the court reasoned that "a nonresident's interest in a limited partnership is directly analogous to a nonresident's ownership of stock in a

corporation; thus, by analogy, a nonresident's limited-partnership interest in a limited partnership domiciled" within Alabama does not subject the nonresident limited partner to the State's jurisdiction.  (citing Marriott PLP Corp. v. Tuschman, 904 F. Supp. 461 (D. Md. 1995) ("Tuschman's status as a limited partner in CHLP, even though the latter's principal place of business is in Maryland, does not in and of itself confer personal jurisdiction over Tuschman in this Court."); Renda v. Peoples Fed. Sav. & Loan Ass'n, 538 So. 2d 860, 863 (Fla. Dist. Ct. App. 1988) (holding that nonresident limited partners did not have the necessary minimum contacts to sustain personal jurisdiction in Florida although partnership's purpose was to develop property in Florida); Sender v. Powell, 902 P.2d 947 (Colo. App. 1995) (defendant's interest in a partnership was too insubstantial to provide the requisite contacts with Colorado to allow the constitutional exercise of long-arm jurisdiction); Generale Bank, New York Branch v. Choudury, 776 F. Supp. 123 (S.D.N.Y. 1991), rev'd on other grounds, 779 F. Supp. 303 (S.D.N.Y. 1991) (granting nonresident limited partner's motion to dismiss for lack of personal jurisdiction); Construction Aggregates, Inc. v. Senior Commodity Co., 860 F. Supp. 1176, 1180 (E.D. Tex. 1994) (it "strains reason to infer that anyone buying a limited partnership interest as a passive investment in a Texas limited partnership impliedly consents to or expects to be haled into court on any and all suits brought in Texas").

As the foregoing demonstrates, not only has Plaintiff set forth absolutely no basis upon which this Court may exercise personal jurisdiction over Defendants Shailesh Patel and Alka Patel, it is clear that Shailesh Patel's status as an individual investor is wholly insufficient to establish either specific or general jurisdiction in the Middle District of Alabama. Moreover, Plaintiff has alleged no facts demonstrating the existence of an employment or contractual relationship between Plaintiff and Defendants Shailesh Patel and Alka Patel that would subject them to the jurisdiction of this Court. Defendants Shailesh Patel and Alka Patel, therefore, respectfully request this Court dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2).

### III. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even assuming, *arguendo*, this Court had personal jurisdiction over Defendants Shailesh Patel and Alka Patel, Plaintiff's Amended Complaint must nevertheless be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, failure to state a claim upon which relief can be granted is reason to dismiss a complaint in its entirety. Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), a court must consider a complaint's allegations as true, and "read in the light most favorable to the plaintiff." Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

Prior to the Supreme Court's recent decision in Bell Atlantic Corp. v. Twombly, a defendant could not successfully move to dismiss a complaint for failure to state a claim unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In Twombly, however, the Supreme Court declared that the "no set of facts" rule it articulated years earlier had "earned its retirement" and would be "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S. Ct. at 1969. Even in light of the liberal construction of Rule 8 of the Federal Rules of Civil Procedure, which only requires that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief," the Twombly Court held that a plaintiff bears an affirmative obligation to provide the "grounds" for his "entitlement to relief." Id. at 1964-65. While Twombly did not require heightened fact pleading, it did hold that a complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

Although the Supreme Court stated that it was not articulating a heightened fact pleading standard, the Court made clear that a complaint must set forth "enough facts to state a claim to relief that is <u>plausible on its face</u>." <u>Twombly</u>, 127 S. Ct. at 1974 (emphasis added). While this Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." <u>Id.</u>

Moreover, while *pro se* pleadings are viewed with more leniency than those prepared by legal counsel, "even a *pro se* complaint must still ultimately allege sufficient facts and legal elements to support a cognizable legal claim." <u>Morrison v. Morgan Stanley Props.</u>, 2007 U.S. Dist. LEXIS 58038, * 7-8 (S.D. Fla. Aug. 9, 2007) (<u>citing</u> <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378 (5th Cir. 2002)).

As demonstrated below, Plaintiff's Amended Complaint utterly fails to meet this standard with respect to all of her claims against Defendants Shailesh Patel and Alka Patel. Accordingly, all claims against Defendants Shailesh Patel and Alka Patel must be dismissed.

### A.    Plaintiff Has Failed to Comply With the Basic Pleading Requirements of Federal Rule of Civil Procedure 8.

Fed. R. Civ. P. 8 provides, in relevant part, that:

(a) A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

(e)(1) Each averment of a pleading shall be simple, concise, and direct.

(f)  All pleadings shall be so construed as to do substantial justice.

Here, Plaintiff's Amended Complaint wholly fails to set forth any statement showing the grounds on which this Court's jurisdiction over Defendants Shailesh Patel and Alka Patel depends.  Nor does the Amended Complaint allege that Plaintiff has satisfied the administrative and jurisdictional prerequisites to bring this action in the Middle District of Alabama.  Plaintiff's Amended Complaint must, therefore, be dismissed as to Defendants Shailesh Patel and Alka Patel.

Moreover, Plaintiff's Amended Complaint fails to give Defendants Shailesh Patel and Alka Patel fair notice of the claims against them or the basis upon which those claims rest.  Consequently, the Amended Complaint fails to comply with the "notice" pleading requirements of Rule 8.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s pleading standard applies to employment discrimination lawsuits and mandates that the pleader provide a plain statement of her claim for relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests).  Thus, Plaintiff's Amended Complaint denies Defendants Shailesh Patel and Alka Patel their rights to substantial justice under Rule 8(f) because it is devoid of the requisite averments which must be present to enable Defendants Shailesh Patel and Alka Patel to effectively comply with their Rule 8(b) obligations to admit or deny the averments

and to assert their defenses thereto.  Id. at 514; Fed. R. Civ. P. 8(b) and (f).  See also Sams v. United Food & Commercial Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989) (holding that complaint must put opponents on notice of the claims asserted and the grounds on which the claims rest); Plumbers And Steamfitters Local No. 150 Pension Fund v. Vertex Construction Company, Inc., 932 F.2d 1443, 1448 (11th Cir. 1991) (same).

An adequate statement of a claim for relief under Rule 8 must outline the law claimed to be violated and connect the defendant with the alleged violation. Arrington v. Dickerson, 915 F. Supp. 1516, 1526 (M.D. Ala. 1996) (citing Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992)).  However, Plaintiff's Amended Complaint is fatally defective on both criteria since it does not detail the legal basis for Plaintiff's claims or connect those claims to Defendants Shailesh Patel and Alka Patel.  Plaintiff's Amended Complaint, at best, contains only conclusory allegations and thus fails to comport with the basic pleading requirements of Rule 8.  See Benoit v. Ocwen Financial Corporation, Inc., 960 F. Supp. 287 (S.D. Fla. 1997) (holding that a Title VII pleading "must contain more than mere conclusory allegations" in order to survive a motion to dismiss under Rule 8).  Clearly, Plaintiff's Amended Complaint fails to meet Rule 8's threshold notice pleading requirements, and it must be dismissed as to Defendants Shailesh Patel and Alka Patel.

### B. Plaintiff cannot state a claim upon which relief can be granted because she failed to file a timely charge of discrimination.

Plaintiff's Amended Complaint must be dismissed with respect to Defendants Shailesh Patel and Alka Patel because she failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). It is well-established that before bringing suit in federal court, an aggrieved employee must file a charge of discrimination with the EEOC and obtain a right-to-sue letter. See 42 U.S.C. § 2000e-5(e); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). The timely filing of a charge is an absolute prerequisite to bringing an action in federal court. See 42 U.S.C. § 2000e-5(e); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002) ("Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that specifies with precision the filing prerequisites that a plaintiff must satisfy before filing suit.").

Plaintiff's Amended Complaint makes vague, skeletal allegations relating to a belief that she was subjected to sexual harassment through her exposure to profane language by co-worker Chirag Patel; that she was discriminated against because she was a native-born United States citizen; and that she was in some way discriminated or retaliated against with respect to medical leave. However, Plaintiff is prohibited from filing any such claims in this Court because she never filed a charge of discrimination with the EEOC alleging such discrimination. Title

42 U.S.C. § 2000e-5(e). Plaintiff's Amended Complaint must, therefore, be dismissed.

Plaintiff's Amended Complaint does not allege that she has, in fact, filed a charge of discrimination with the EEOC. Instead, Plaintiff asks this Court to excuse her failure to comply with Title VII's procedural requirements because she "just found-out recently that what Chirag Patel did was considered sexual harassment." (A. Compl. ¶ D.) Plaintiff's appeal to this Court to excuse the prerequisite to bringing this action must be denied. See Pearson v. Macon Hous. Auth., 2007 U.S. Dist. LEXIS 26707 * 5 (M.D. Ga. Apr. 11, 2007) ("Plaintiff's circumstances, while unfortunate, fail to excuse her obligation to satisfy the legal requirement of filing a timely charge of discrimination with the EEOC. Filing a timely charge of discrimination with the EEOC is a necessary first step that an employee must take in pursuing an employment discrimination claim against his or her employer. Plaintiff's failure to take this first step is fatal to her case.") (citing Thomas v. Kroger Co., 24 F.3d 147, 150 (11th Cir. 1994) (affirming dismissal of Title VII claim when Plaintiff failed to file a charge with the EEOC)). Because Plaintiff failed to file a timely charge of discrimination with the EEOC, her claims must be dismissed.

**C.     Plaintiff cannot state a claim upon which relief can be granted because Defendants Shailesh Patel and Alka Patel are not her "employer" and have entered no contractual relationship with respect to her employment.**

Even if Plaintiff had filed a charge with the EEOC, Defendants Shailesh Patel and Alka Patel cannot be liable for any alleged discrimination because "[p]ursuant to the statutory scheme of Title VII of the Civil Rights Act . . . suits may be brought only against an 'employer' within the meaning of the Act." Tatum v. Zeke's Landing Marina, L.L.C., 1998 U.S. Dist. LEXIS 21004 *4-5 (S.D. Ala. Nov. 19, 1998) (citing 42 U.S.C. § 2000e(b)). However, Defendants Shailesh Patel and Alka Patel are not, nor does Plaintiff's Amended Complaint even allege, that they are Plaintiff's "employer." Moreover, "[i]t is well-settled in this Circuit that individuals may not be held liable for a violation of Title VII." Moore v. State of Alabama, 989 F. Supp. 1412, 1416 (M.D. Ala. 1997).

It is clear that Plaintiff's "employer" was Central Hospitality, LLC. Defendant Shailesh Patel was simply an investor in that corporation, and neither he nor his wife Alka Patel exercised any control over its operations. Indeed, Plaintiff does not even allege Defendants Shailesh Patel and Alka Patel exercised any control over the operations of Central Hospitality, LLC in general, or specifically over her own employment. Defendants Shailesh Patel and Alka Patel were not directors, officers, or employees of Central Hospitality, LLC, nor has Plaintiff alleged such a relationship. However, even if Plaintiff's Amended Complaint had

alleged Defendants Shailesh Patel and Alka Patel occupied any role within Central

Hospitality, LLC, "[a]s with individual liability, courts have recognized that

owners, directors, etc. are not 'employers' subject to liability under Title VII of the

Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq." Tatum v. Zeke's Landing

Marina, L.L.C., 1998 U.S. Dist. LEXIS 21004 *4-5 (S.D. Ala. Nov. 19, 1998)

(citing Humphreys v. Medical Towers, Ltd., 893 F. Supp. 672 (S.D. Tex., 1995);

aff'd mem., 100 F.3d 952 (5th Cir. 1996) (finding liability may not be imposed on

individuals even if they are the sole owners of the business).  See also Isaacs v.

Hill's Pet Nutrition, Inc., 485 F.3d 383, 384 (7th Cir. 2007) ("Colgate was not

[plaintiff's] employer, and she offers no reason why an investor should be liable

for [an employer's] acts.").

Because Defendants Shailesh Patel and Alka Patel are not Plaintiff's

"employer" under Title VII, they cannot be liable for any alleged discrimination

with respect to her employment even if Plaintiff had filed a timely charge with the

EEOC.  Therefore, all claims of discrimination against Defendants Shailesh Patel

and Alka Patel must be dismissed.

Similarly, because Defendants Shailesh Patel and Alka Patel are not

Plaintiff's employer, and Plaintiff's Amended Complaint does not even allege any

contractual relationship with the Plaintiff, Defendants Shailesh Patel and Alka

Patel cannot be liable for any claim Plaintiff's employer in some way paid her

improperly or failed to properly report her federal taxes and Social Security.
Plaintiff simply has not alleged any employment or contractual relationship that
would give rise to any legal obligations on the part of Defendants Shailesh Patel
and Alka Patel with respect to Plaintiff's wages, taxes, Social Security, or any
other matters inherent to her employment. As such, Plaintiff's Amended
Complaint against Defendants Shailesh Patel and Alka Patel must be dismissed for
failure to state a claim for which relief can be available.

### IV.    VENUE IS IMPROPER IN THE MIDDLE DISTRICT OF ALABAMA

Even if Plaintiff had filed a timely charge of discrimination with the EEOC,
her claims against Defendants Shailesh Patel and Alka Patel must be dismissed
because venue in the Middle District of Alabama is improper even if this Court had
personal jurisdiction over Defendants Shailesh Patel and Alka Patel.

Title VII's venue provision states, in relevant part, that the appropriate venue
for Title VII claims is:

> any judicial district in the State in which the unlawful employment
> practice is alleged to have been committed, in the judicial district in
> which the employment records relevant to such practice are
> maintained and administered, or in the judicial district in which the
> aggrieved person would have worked but for the alleged unlawful
> employment practice, <u>but if the respondent is not found within any
> such district, such an action may be brought within the judicial district
> in which the respondent has his principal office.</u>

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

Thus, even if Plaintiff had filed a timely charge of discrimination, and Defendants Shailesh Patel and Alka Patel could be liable under Title VII for any alleged discrimination, Plaintiff's Amended Complaint must be dismissed as to Defendants Shailesh Patel and Alka Patel because they do not reside, do not maintain a business office, and do not possess a registered agent for service of process in the Middle District of Alabama.  Instead, as Plaintiff's Initial Complaint states, Defendants Shailesh Patel and Alka Patel are residents of Fayetteville[2], Georgia, and maintain no contacts within the Middle District of Alabama.

"The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions." Pinson v. Rumsfeld, 192 Fed. Appx. 811, 816-817 (11th Cir. 2006).  Because venue in the Middle District of Alabama is clearly improper, Plaintiff's Amended Complaint must be dismissed with respect to Defendants Shailesh Patel and Alka Patel.

## V.    **CONCLUSION**

As the foregoing demonstrates, this Court lacks personal jurisdiction over Defendants Shailesh Patel and Alka Patel, and Plaintiff has failed to state a claim for which relief can be granted.  Defendants Shailesh Patel and Alka Patel, therefore, respectfully request this Court DISMISS Plaintiff's Amended Complaint in its entirety as to any claims against them.

---

[2]    Plaintiff's Initial Complaint incorrectly asserts Defendants Shailesh Patel and Alka Patel are residents of Duluth, Georgia.

s/ Marion F. Walker
Marion F. Walker
FORD & HARRISON LLP
2100 3rd Avenue North, Suite 400
Birmingham, AL 35203
Phone:          205-244-5900
Facsimile:      205-244-5901
E-Mail:        mfwalker@fordharrison.com
Bar No. ASB-0734-L73M
Attorney for Shailesh Patel and Alka Patel

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George B. Azar, Esq.
Elizabeth C. Wible, Esq.
AZAR & AZAR, L.L.C.
2740 Zelda Road, Fourth Floor
P.O. Box 2028
Montgomery, AL 36102-2028

Charles W. Edmondson, Esq.
Charles W. Edmondson, P.C.
621 S. Perry Street
Montgomery, AL 36104

Christopher E. Sanspree, Esq.
Edward L. McRight, Jr., Esq.
SANSPREE & McRIGHT, LLC
603 Martha Street
Montgomery, AL 36104

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

s/ Marion F. Walker
OF COUNSEL

Birmingham:18725.1