IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOYCE A. POPWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-00851-MHT |
| | ) | |
| CENTRAL HOSPITALITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION AND PROTECTIVE ORDER

Pending before the Court is the *Motion for Protective Order* filed by Kishor Desai (Doc. 110, filed October 12, 2007), the *Brief of Defendants Central Hospitality, L.L.C., Hemant Patel, and Anil Patel Seeking Production of Pro Tanto Settlement Agreement and Release Between Plaintiff and Defendant Kishor Desai* (Doc. 117, filed October 29, 2007), and Defendants' discovery request for the pro tanto settlement agreement.[1]

It is well settled that a non-settling joint tortfeaser in Alabama is entitled to a set-off once the injured party enters into a pro tanto settlement agreement with another joint tortfeaser. *See Anderson v. Kemp*, 279 Ala. 321, 184 So. 2d 832 (1966). "The relief to which the joint tort-feaser is entitled is a set-off in the amount of the pro tanto settlement agreement." *Campbell v. Williams*, 638 So. 2d 804, 812 (Ala. 1994); *see also Gean v. FMC*

---

[1] Defendants request on the pro tanto settlement agreement is included in the *Motion to Amend Answer* (Doc. 107, *Joinder to Motion to Amend* (Doc. 109), and through the response to the *Motion for Protective Order* (Doc. 110). To be clear, the undersigned is not addressing the *Motion to Amend Answer* (Doc. 107) or the *Joinder to Motion to Amend* (Doc. 109) as those motions will be handled by the District Judge assigned to this matter.

*Corp.*, 799 F.Supp. 90 (N.D. Ala. 1992) (Court discusses use of pro tanto settlement agreement and that it can satisfy a judgment); *E.E.O.C. v. Outrigger Restaurant*, 2000 WL 1005943 (S.D. Ala. 2000) (citing *Anderson* and quoting *Campbell*). Thus, the defendants are entitled to the pro tanto settlement agreement in the discovery process.[2] Therefore, for good cause it **ORDERED** as follows:

(1) The *Motion for Protective Order* filed by Kishor Desai (Doc. 110) is hereby **DENIED**.

(2) The Plaintiff is **DIRECTED** to disclose to defendants the pro tanto settlement agreement with Kishor Desai within twenty-one (21) days of this Order.

(3) The Clerk is **DIRECTED** to send an electronic copy of this Order to counsel for Kishor Desai.

Additionally, the Court enters a **PROTECTIVE ORDER** which governs all parties and interested non-parties whereby the above-referenced documents shall be designated confidential. Such confidential documents and information shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

a. Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

---

[2] The Court determines the information is discoverable, but is not making any determinations on the admissibility of the settlement agreement.

      b.      The parties in the above-styled action;

      c.      The Court and persons employed by the Court working on this litigation;

      d.      Court reporters at the proceedings in this action;

      e.      Experts or consultants retained or consulted by the parties; and

      f.      Deponents, trial witnesses and potential deposition witnesses

Prior to making such disclosure of any confidential documents or information, the person to whom disclosure will be made must be provided with a copy of this Order and must agree to be bound by it. Further, upon request by the producing party, within ninety (90) days of the conclusion of this matter as to all parties, and upon written request of a party all confidential information of such party and all copies thereof shall be returned to counsel for that party or, if that party so requests, shall be destroyed and an affidavit prepared and executed certifying to such destruction and mailed to the party producing that confidential information.

      DONE this 9th day of November, 2007.

                                  /s/Terry F. Moorer
                                  TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE